515 So.2d 368 (1987)
M.G.K. PARTNERS, a Foreign Limited Partnership, Appellant,
v.
Anthony CAVALLO and Linda Cavallo, His Wife, and Stage Deli Inc., a Florida Corporation, Appellees.
No. 87-1959.
District Court of Appeal of Florida, Fourth District.
November 12, 1987.
*369 Jeffrey M. Kirsch, Stuart, for appellant.
Jordan Fields of Fields, Wilkinson, Rifkin & Spittler, P.A., Stuart, for appellees.
PER CURIAM.
Appellees are the plaintiffs in an action for temporary and permanent injunction against the defendant/appellant, the object of the suit being to prevent violation of a non-competition clause in a lease. The trial court granted plaintiffs' motion for temporary injunction without notice, which was supported by affidavit.
Subsequently appellant filed a motion to dissolve the temporary injunction, which was denied, as well as its answer. Appellant's subsequent motion to reconsider was also denied. The trial court cited as authority Capraro v. Lanier Business Products, Inc., 466 So.2d 212 (Fla. 1985).
Appellees operate an Italian restaurant and delicatessen in leased premises in a four store strip shopping center owned by appellant. The lease involved in this action was originally made in June 1982 with a different landlord, but was transferred to appellant when the latter purchased the property. The lease provides that the lessee shall use the demised premises for the purpose of operating a deli with exclusive rights in the shopping center to retail beer and wine, but excludes use of the premises for a package liquor store or a wholesale beer distributorship. Another provision of the lease is that the lessor may have an additional restaurant lessee with a noncompetitive menu and with a seating capacity of nine. The premises leased to the appellees could seat a total of twelve.
The action arose when appellant sought to put a Domino's Pizza in the four store strip center. While appellees did not have the equipment to dispense pizza when they executed the lease with appellant's predecessor, they did seventeen months later, prior to appellant's purchase of the center.
We affirm. A trial court's ruling on a motion for injunction  and, logically, also a motion to dissolve an injunction  comes to the appellate court with a presumption of correctness, and will be reversed only upon a showing of a clear abuse of discretion or a clearly improper ruling. Reinhold Construction, Inc. v. City Council for City of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983). Appellant has failed to show either.
DOWNEY, ANSTEAD and GLICKSTEIN, JJ., concur.