PER CURIAM.
We reverse the trial court’s order granting Gold Coast Chemical Corporation (Gold Coast) a temporary restraining order enjoining Andrea Verduci (Verduci), a former Gold Coast employee, from competing with Gold Coast.
Verduci and Gold Coast entered into a written employment contract which contained a non-compete covenant. A dispute arose and Verduci terminated her employment. After Verduci became employed by one of Gold Coast’s competitors, Gold Coast sought a temporary restraining order to enjoin Verduci from competing with Gold Coast. At the hearing Verduci admitted selling to Gold Coast’s customers, but proffered evidence that Gold Coast first breached the employment contract. However, the trial court refused to admit the proffered evidence that Gold Coast had failed to pay Verduci commissions, had made unauthorized deductions from her commissions, and had failed to timely pay her commissions.
One of the elements a party seeking a temporary restraining order must prove is that the party has a clear legal right to the relief requested. See City of Fort Lauderdale v. Canary Enterprises, Inc., 546 So.2d 1114 (Fla. 4th DCA 1989). By refusing to admit Verduci’s proffered evidence, the trial court effectively eliminated her opportunity to prove that there was not a substantial likelihood of success by Gold Coast on the merits. See Cordis Corp. v. Prooslin, 482 So.2d 486 (Fla. 3d DCA 1986). Thus, because evidence of Gold Coast’s alleged breach of contract was relevant to determine whether Gold Coast would likely succeed on the merits at trial, the trial court erred in failing to consider evidence of Gold Coast’s breach of Verduci’s employment contract.
REVERSED AND REMANDED.
HERSEY, C.J., and ANSTEAD and GUNTHER, JJ„ concur.