668 So.2d 326 (1996)
GOLD COAST CHEMICAL CORPORATION, Appellant,
v.
Joel GOLDBERG, Michele Goldberg, and American Diversified Products, Inc., Appellees.
No. 95-2307.
District Court of Appeal of Florida, Fourth District.
February 21, 1996.
*327 Lorenzo Ramunno of Lorenzo Ramunno, P.A., Plantation, for appellant.
Richard M. Saccocio of Richard M. Saccocio, P.A., Boca Raton, for appellees.
PER CURIAM.
In the trial court, Gold Coast Chemical Corporation seeks to enforce a covenant not to compete against its former employee. The trial court denied Gold Coast's motion for a temporary injunction. Gold Coast appeals. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). A trial court's ruling on a temporary injunction comes to the appellate court with a presumption of correctness, reversible only upon a showing of a clear abuse of discretion. M.G.K. Partners v. Cavallo, 515 So.2d 368, 369 (Fla. 4th DCA 1987). A temporary injunction does not decide the merits of a case; no full hearing has been conducted. To rule on a temporary injunction, the trial court must, early in the case, estimate the likelihood of the Plaintiff prevailing on the merits and securing a permanent injunction. See Reinhold Constr., Inc. v. City Council of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983). These are some of the reasons that a party appealing the denial of a temporary injunction has the heavy burden of demonstrating that the trial court's ruling was clearly improper. See 3299 N. Fed. Highway, Inc. v. Board of County Comm'rs of Broward County, 646 So.2d 215, 220 (Fla. 4th DCA 1994). Gold Coast has failed to meet its heavy burden in this case.
GLICKSTEIN, STEVENSON and GROSS, JJ., concur.