751 So.2d 91 (1999)
BENEMERITO & FLORES, M.D.'S, P.A., a Florida professional association, Appellant,
v.
Zeidy ROCHE, M.D., Appellee.
No. 98-3142.
District Court of Appeal of Florida, Fourth District.
December 29, 1999.
*92 Russell Bohn and Edna L. Caruso of Law Office of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Richard D. Sneed, Jr., P.A., Ft. Pierce, for appellant.
Richard A. Kupfer of Law Office of Richard A. Kupfer, P.A., West Palm Beach, and Bello & Matheson, P.A., Vero Beach, for appellee.
TAYLOR, J.
Appellant, a medical professional association, sought a temporary injunction against a former employee, Dr. Zeidy Roche, to enforce a covenant not to compete. We affirm the trial court's denial of the temporary injunction.
In March 1995 appellant hired Dr. Roche to work in its medical association in St. Lucie County. The association is comprised of shareholders Dr. Eusebio Z. Benemerito and Dr. Gerard Q. Flores, who specialize in nephrology (kidney disease). Dr. Roche's first employment agreement was for a period from July 1, 1995 until June 30, 1997. In June 1997 the parties entered into a successor agreement for July 1, 1997 to June 30, 1998. The new contract provided for a bonus "equal to a percentage of the collected net fees generated as a result of services rendered by the Doctor to the Association during the term of [the] Agreement." The contract also contained a covenant not to compete in St. Lucie County.
On July 14, 1998, Dr. Roche submitted a resignation letter to the association and soon thereafter began practicing in medical offices she established in Port St. Lucie and Ft. Pierce. The association brought suit against Dr. Roche, seeking temporary and permanent relief enjoining Dr. Roche from practicing in the St. Lucie area and liquidated damages for breach of the noncompete covenant.
At the hearing on the association's petition for a temporary injunction to enforce the noncompete clause, Dr. Roche argued that the association breached the employment agreement first, thus relieving her of any obligations under its terms. She presented evidence that the association breached the employment contract by failing to fully compensate her for services provided. She also raised an estoppel defense based on the association's alleged improper Medicare billing practices. The trial court denied the temporary injunction on breach of contract grounds, finding as follows:
The contract calls for Dr. Zeidy Roche not to compete if she leaves the employ of Benemerito & Flores, P.A. The contract further provides for the payment of a bonus to her equal to the percentage, on a sliding scale, collected in net fees. It is uncontroverted that Dr. Benemerito *93 included in his fees all services provided by Dr. Zeidy Roche as far as dialysis was concerned. Dr. Benemerito violated the terms of the contract by lessening the bonus due to Dr. Zeidy Roche. This breached the contract as shown in Bradley v. Health Coalition, Inc., 687 So.2d 329 (Fla.App. 3 Dist. 1997).
As we stated in Gold Coast Chemical Corp. v. Goldberg, 668 So.2d 326, 327 (Fla. 4th DCA 1996):
A trial court's ruling on a temporary injunction comes to the appellate court with a presumption of correctness, reversible only upon a showing of a clear abuse of discretion. M.G.K. Partners v. Cavallo, 515 So.2d 368, 369 (Fla. 4th DCA 1987). A temporary injunction does not decide the merits of a case; no full hearing has been conducted. To rule on a temporary injunction, the trial court must, early in the case, estimate the likelihood of the Plaintiff prevailing on the merits and securing a permanent injunction. See Reinhold Constr., Inc. v. City Council of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983). These are some of the reasons that a party appealing the denial of a temporary injunction has the heavy burden of demonstrating that the trial court's ruling was clearly improper. See 3299 N. Fed. Highway, Inc. v. Board of County Comm'rs of Broward County, 646 So.2d 215, 220 (Fla. 4th DCA 1994).
Florida Statute section 542.335(1)(g)(3) provides that in determining the enforceability of a restrictive covenant, the court, "shall consider all other pertinent legal and equitable defenses." We have held that "[a] party seeking a temporary restraining order must prove that the party has a clear legal right to the relief requested." Verduci v. Gold Coast Chemical Corp., 578 So.2d 41 (Fla. 4th DCA 1991). Thus, the trial court was required to consider Dr. Roche's breach of contract defense in determining whether the association had a substantial likelihood of success on the merits. Cordis v. Prooslin, 482 So.2d 486 (Fla. 3d DCA 1986).
In denying the injunction, the trial court correctly relied on Bradley. 687 So.2d 329. In Bradley, the employee (Bradley) and employer entered into an agreement wherein Bradley was hired to be a salesperson for the employer's blood plasma products. The agreement contained a covenant not to compete and a prohibition on the solicitation of the employer's active customers. When Bradley's employment ended, he went to work for a competitor and began selling blood plasma products. The trial court entered a temporary injunction enforcing the noncompetition clause. On appeal, the employee argued that the employer materially beached the employment agreement by wrongfully refusing to pay commissions which he had earned. Reversing the temporary injunction, the court stated:
`A party is not entitled to enjoin the breach of a contract by another, unless he himself has performed what the contract requires of him so far as possible; if he himself is in default or has given cause for nonperformance by defendant, he has no standing in equity.' `Having committed the first breach, the general rule is that a material breach of the Agreement allows the non-breaching party to treat the breach as a discharge of his contract liability.' If the employer wrongfully refuses to pay the employee his compensation, the employee is relieved of any further obligation under the contract and the employer cannot obtain an injunction.
Id. at 333 (citations omitted).
Here, there was competent evidence to support the trial court's finding that the association materially breached the employment contract "by lessening the bonus due to Dr. Roche." Although the initial contract executed in 1995 did not provide for a bonus, the 1997 contract contained a provision for a percentage, on a sliding scale, of the "collected net fees *94 generated as a result of services rendered by [Dr. Roche] to the Association." As before, in addition to providing services to patients at the association's medical office, Dr. Roche was required to provide services for the two Gambro Dialysis Centers operated by Dr. Benemerito. The contract did not provide, nor was Dr. Roche advised, that the services she provided to patients at the two Gambro Dialysis Centers and to hospital patients admitted by other doctors in the association, would not be considered for purposes of calculating her bonus. Dr. Roche testified that she understood her contract to mean that all her duties performed for the association, as long as they generated accounts receivable, would count toward her bonus incentive hours. She further testified that she would not have agreed to the contract had she known that her bonus would be calculated solely on the basis of her services to office patients and patients that she personally admitted into the hospital.
It was not until sometime near the end of her contract, in March 1998, that she discovered a $100,000 discrepancy between the amount her records showed she should be credited for net fees collected and the amount shown by the association's financial statement. When she asked to inspect the association's records to compare them with her daily log of patient services, she was refused access. Dr. Roche testified that, around that same time, she became aware of certain irregularities in the association's Medicare billing practices that she felt might affect her own Medicare provider profile and license to practice medicine. She began making preparations to leave the association in May and June 1998 but continued working there through her termination date. Soon thereafter, she resigned and relocated her practice within St. Lucie County.
We find no abuse of discretion in the trial court's refusal to grant the association a temporary injunction where there was evidence that the association materially breached the employment agreement by refusing to credit Dr. Roche with all dialysis services performed in calculating her bonus. The court was free to reject the association's contention that it compensated appellee for these services in her base salary, given the fact that the contract made no mention that these services were excluded from the bonus.
Accordingly, the denial of the temporary injunction is hereby affirmed.
AFFIRMED.
KLEIN, J. and BLANC, PETER D., Associate Judge, concur.