758 So.2d 1229 (2000)
FIRST MIAMI SECURITIES, INC., a Florida corporation, Appellant,
v.
Michael BELL, Individually, Appellee.
No. 4D99-2569.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
Dennis Richard, Richard Sarafan, and Sydney A. Marks of Richard & Richard, P. A., Miami, and Keith T. Grumer and Maidenly Sotuyo-Macaluso of Grumer & Levin, P.A., Ft. Lauderdale, for appellant.
Sara Soto of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellee.
PER CURIAM.
We affirm an order denying a temporary injunction. The trial court found that First Miami Securities could not demonstrate the requisite irreparable harm to warrant temporary injunctive relief and failed to demonstrate a likelihood of success on the merits.
First Miami Securities sued Bell alleging that he breached the non-competition provision of his employment agreement. The covenant includes provisions not to compete or solicit clients and not to disclose client files, lead files, and accounts. The trial court stayed the case pending arbitration.
First Miami Securities alleged that Bell violated the covenants by soliciting customers and removing customer account information. It alleged that the restraint was necessary to protect its business and that solicitation of clients and the removal of customer lists constitutes an irreparable injury.
First Miami Securities established that Bell provided customer information to PaineWebber and that it used the information to send letters advising former clients that Bell had resigned from First Miami Securities. Some of the accounts were transferred to Bell at PaineWebber.
Florida's non-compete statute was amended substantively in 1990. Before the 1990 amendment, an employee's only challenge, based on unreasonableness, had to focus on the time and geographic area, and a presumption of irreparable harm flowed from any violation of the agreement. Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475 (Fla.1995). Subsequent *1230 amendments expanded the challenge. However, irreparable harm is presumed only when the breach involves the "use" of specific trade secrets, customer lists, or direct solicitation. Id.[1] The contract here was entered into prior to the effective date of that statute; thus, the presumption of irreparable harm flowed from a violation. See Gupton, 656 So.2d at 477-79.
The trial court, here, recognized a presumption of irreparable harm associated with direct solicitation, but found that it was rebutted by the fact that evidence was available to prove actual damages, if any. That proof is in the nature of Bell and PaineWebber's record keeping and the forms that are required by the industry to be filed upon transferring accounts. See Don King Prods., Inc. v. Chavez, 717 So.2d 1094 (Fla. 4th DCA 1998). The trial court also found that "damages can be readily calculated from the commissions derived by Defendant at his new place of employment."
The trial court relied, in part, upon Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCullen, 1995 WL 799537 (S.D.Fla. Dec. 13, 1995), to determine that First Miami could not demonstrate irreparable injury. But cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty, 808 F.Supp. 1555, 1557 (S.D.Fla.1992), aff'd, 2 F.3d 405 (11th Cir.1993). We recognize that in McCullen, unlike this case, a Georgia statute without the "presumption of irreparable harm" was at issue. Nevertheless, the statutory presumption is rebuttable, and there is sufficient evidence to support the trial court's conclusion that it was rebutted in this case. We also find no abuse of discretion in the trial court's additional basis for denial, that First Miami Securities has not demonstrated a substantial likelihood of success on the merits as to issuance of a permanent injunction.
A trial court's ruling on a temporary injunction comes to the appellate court with a presumption of correctness, reversible only upon a showing of a clear abuse of discretion. See Benemerito & Flores, M.D.'s v. Roche, 751 So.2d 91 (Fla. 4th DCA 1999); M.G.K. Partners v. Cavallo, 515 So.2d 368, 369 (Fla. 4th DCA 1987). An appellant who challenges the denial of a temporary injunction has a heavy burden. See Benemerito & Flores, 751 So.2d at 93 (citing 3299 N. Federal Hwy., Inc. v. Bd. of County Comm'rs of Broward County, 646 So.2d 215 (Fla. 4th DCA 1994)); Reinhold Constr., Inc. v. City Council of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983). This court has recognized further that a party seeking a temporary restraining order "must prove that the party has a clear legal right to the relief requested." Benemerito & Flores, 751 So.2d at 93 (quoting Verduci v. Gold Coast Chem. Corp., 578 So.2d 41 (Fla. 4th DCA 1991)).
First Miami Securities has failed to demonstrate that the trial court abused its discretion in denying injunctive relief. Therefore, the order is affirmed.
DELL, STONE, and TAYLOR, JJ., concur.
NOTES
[1] We note that effective July 1, 1996, this statute was repealed and renumbered as section 542.335. The new statute requires the person seeking enforcement of the covenant to plead and prove the existence of one or more "legitimate business interests" justifying the restrictive covenant.