895 So.2d 1187 (2005)
Spencer D. LEE, M.D., Appellant,
v.
Mark A. PINSKY, M.D., P.A., Appellee.
Nos. 4D04-137, 4D04-718.
District Court of Appeal of Florida, Fourth District.
February 23, 2005.
Rehearing Denied April 6, 2005.
*1188 Elliot H. Scherker and Julissa Rodriguez of Greenberg Traurig, P.A., Miami and Gary M. Dunkel of Greenberg Traurig, P.A., West Palm Beach, for appellant.
William H. Pincus of William H. Pincus, Attorney at Law, West Palm Beach, for appellee.
PER CURIAM.
This case involves the granting of a temporary injunction as a prelude to the enforcement of a non-compete clause in an employment contract. The employee alleges that the employer materially breached the contract thereby making the clause unenforceable. We agree with the employee that under these facts there is substantial evidence that the employer breached the agreement and therefore, the trial court erred in granting the temporary injunction.
Mark A. Pinsky, M.D., P.A., and Spencer Darrell Lee, M.D., entered into an employment contract which included a non-compete clause. Prior to the expiration of such contract, the parties entered into an amended employment agreement which extended the original agreement while modifying certain provisions, mainly those dealing with compensation. The amended agreement was on a month-to-month basis.
The amended employment agreement provided that Lee was to be paid forty-five percent of his gross collections, for each prior month, in excess of nineteen thousand dollars, the minimum collection amount. Gross collections were revenues generated from fees charged for Lee's professional services.
During the initial month the amended employment agreement was in effect, Pinsky collected over $50,000 for Lee's professional services. Less than a month later, Pinsky had $275,000 in accounts receivable attributed to Lee's services performed prior to the effective date of the amended agreement. A large portion of this amount would have been collected before Lee left Pinsky's employ, approximately six months after the execution of the amended employment agreement. However, Pinsky refused to pay Lee any percentage of these revenues where the services which generated these revenues were performed by Lee during the time when the original agreement was in effect, but the revenue was collected during the time the amended employment agreement was in effect. Pinsky argued that as a result, *1189 Lee was not entitled to any percentage of these revenues, neither that provided for by the original agreement, fifty-percent, nor the percentage agreed to in the amended employment agreement, forty-five percent.
The argument which Lee makes in this appeal is similar to that made by the plaintiff in Benemerito & Flores, M.D.'s, P.A. v. Roche, M.D., 751 So.2d 91 (Fla. 4th DCA 1999). In Benemerito, this Court affirmed a trial court's denial of temporary injunctive relief where the employee alleged that certain services she performed were excluded from the calculation upon which her bonus was based in breach of her contract. Section 542.335(1)(g)(3), Florida Statutes, provides that when a court is considering the enforceability of a non-compete clause it is required to consider all applicable legal and equitable defenses. A party seeking temporary injunctive relief, such as that sought by Pinsky in this action, is required to demonstrate a substantial likelihood of its success on the merits. See Benemerito, 751 So.2d at 93. The trial court determined that Pinsky satisfied such burden despite Lee's assertion that Pinsky materially breached the agreement. We do not agree. There is substantial evidence that Pinsky materially breached the agreement where he did not compensate Lee for over $275,000 worth of services provided by Lee, despite the fact that both agreements provided that Lee should receive a percentage of such revenues. This Court need not determine which percentage was applicable or what the proper interpretation of the contract is where Pinsky made no payment for this portion of gross revenues.
Having found that Pinsky did not demonstrate a substantial likelihood of its success on the merits where there is substantial evidence that it materially breached the contract prior to Lee leaving Pinsky's employ, the other issues raised in this appeal are moot. We reverse the granting of the temporary injunction and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER, POLEN and HAZOURI, JJ., concur.