939 So.2d 268 (2006)
ZBIGNIEW-JACOB LITWINCZUK, M.D., Appellant,
v.
PALM BEACH CARDIOVASCULAR CLINIC, L.C., Appellee.
No. 4D06-5.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
Hank Jackson and Joseph J. Ward of Holland & Knight LLP, West Palm Beach, for appellant.
Alan C. Espy and Marjorie Gadarian Graham, Palm Beach Gardens, for appellee.
WARNER, J.
Dr. Zbigniew-Jacob Litwinczuk appeals a temporary injunction enjoining him from practicing medicine within a geographical area of Palm Beach County in accordance with the terms of a non-competition agreement he signed with his previous employer, appellee Palm Beach Cardiovascular Clinic, L.C. He claims that the trial court erred in finding that the clinic would be irreparably damaged were the covenant not enforced and that the clinic had a legitimate business interest to enforce the covenant. Further, Dr Litwinczuk claims that the clinic first breached the employment agreement. Because the court found as a factual matter that the clinic did not breach the contract and that Dr. Litwinczuk did not overcome the presumption of irreparable injury, the court did not abuse its discretion in enforcing the covenant. We affirm the trial court's findings and order entering a temporary injunction.
Palm Beach Cardiovascular Clinic sought to expand its business by hiring a new doctor. It paid a recruiter $22,000 to find one for its practice. The recruiter contacted Dr. Litwinczuk, and after visits in Palm Beach, Dr. Litwinczuk agreed to a contract. In order to provide a patient base for him, the clinic also bought an existing practice for $40,000.
The clinic and Litwinczuk executed an employment agreement on June 15, 2003. It contained a non-competition clause in which Dr. Litwinczuk agreed that should he terminate his employment, then for two years he would not enter into any practice in any form with a "competing enterprise", which was defined as "any business which is in competition with any of the business of the Corporation. . . ." During that time he would not interfere with the corporation's relationship with any of its employees or patients.
Dr Litwinczuk commenced seeing patients through the clinic and began to gather his own clinic patients from referrals from other physicians. Despite the agreement, Litwinczuk resigned from the clinic, citing its on-call requirements and various disagreements with billing and treatment practices as a reason. He opened a practice a short distance from the clinic and began seeing patients he had seen in the clinic. At the hearing on the temporary injunction, the clinic presented evidence that Litwinczuk saw at least forty-nine of the clinic's patients at his new office in the first two months after opening his own practice.
The clinic filed suit for a temporary and permanent injunction to enforce the covenant not to compete. After the evidentiary hearing, the court entered an order enforcing the covenant, although it reduced the geographical area covered.
Although there was some conflict in the testimony, the Court accepts the testimony that a number of the patients of the Plaintiff have gone to the Defendant for treatment subsequent to his leaving the practice in contravention of the non-compete agreement. Moreover, the defendant has opened a practice less than four blocks from the existing offices of the Plaintiff. Likewise, he is a practicing cardiologist in the same hospitals as the Plaintiff corporation. The Court finds that the Plaintiff has invested substantial sums in bringing the Defendant into its practice and have [sic] legitimate business interests as set forth in the statute for enforcement of the restrictive covenant. Likewise, this Court finds that the period of two years is a reasonable period of time but finds that the geographical restrictions of the entire Palm Beach County area to be unreasonable. Based upon the testimony, the reasonable area would be an area from the southernmost boundaries of the City of West Palm Beach north to the Martin County line. . . . Otherwise, the court finds that Plaintiff has no adequate remedy at law and will suffer irreparable injury as a result of the failure to enforce the provisions.
Dr. Litwinczuk appeals this ruling. We review orders on temporary injunctions for an abuse of discretion. Colucci v. Kar Kare Auto. Group, Inc., 918 So. 2d 431, 435 (Fla. 4th DCA 2006). Further,
To the extent [an order granting or denying an injunction] rests on factual matters, an order imposing a permanent injunction lies within the sound discretion of the trial court and will be affirmed absent a showing of abuse of discretion. To the extent it rests on purely legal matters, an order imposing an injunction is subject to full, or de novo, review on appeal.
Id. at 436 (quoting Smith v. Coalition to Reduce Class Size, 827 So. 2d 959, 961 (Fla. 2002)).
In seeking a temporary injunction, the movant must show: (1) irreparable harm if the status quo is not maintained; (2) no adequate remedy at law; (3) a clear legal right to the relief requested; (4) that any public interest will not be disserved; and (5) a substantial likelihood of success on the merits. Shafer v. Shafer, 898 So. 2d 1053, 1055 (Fla. 4th DCA 2005). Section 542.335(1)(c), Florida Statutes, provides, in relevant part:
(c) A person seeking enforcement of a restrictive covenant also shall plead and prove that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction. If a person seeking enforcement of the restrictive covenant establishes prima facie that the restraint is reasonably necessary, the person opposing enforcement has the burden of establishing that the contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the established legitimate business interest or interests.
Section 542.335(1)(j) states, in part: "The violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." This presumption is rebuttable, not conclusive. Passalacqua v. Naviant, Inc., 844 So. 2d 792, 796 (Fla. 4th DCA 2003).
Whether Dr. Litwinczuk violated the covenant not to compete by accepting patients from the clinic was a question of fact that the court resolved against him, based upon disputed evidence. Because he violated this provision, the clinic was entitled to a presumption of irreparable injury. Dr. Litwinczuk maintains that he overcame that presumption when he asked Dr. Crandall, the clinic's chief executive officer, on cross-examination whether Dr. Crandall knew how much money the clinic lost since Dr. Litwinczuk left. Dr. Crandall said he did not know, but they might be able to reconstruct a historical basis for how much money the clinic lost since Dr. Litwinczuk left the clinic. From this snippet of testimony, Dr. Litwinczuk maintains that money damages were able to be calculated, and thus the injury was not irreparable.
Litwinczuk relies primarily on First Miami Securities, Inc. v. Bell, 758 So. 2d 1229 (Fla. 4th DCA 2000), for support for his contention that he rebutted the presumption of irreparable injury. In Bell, a securities firm brought an action for a temporary injunction against a former employee, alleging that he breached the non-compete provision of his employment agreement. At trial, the firm was able to establish that the employee engaged in direct solicitation of clients and provided customer information to his new firm. The firm therefore established a presumption of irreparable harm. However, the trial court found that this presumption was rebutted because the employee was able to prove actual damages, if any.
Affirming, this court agreed with the trial court that Bell was able to rebut the presumption of irreparable harm. It approved the trial court's findings that the proof of damages could be achieved through the bookkeeping records of Bell's new firm "and the forms that are required by the industry to be filed upon transferring accounts." Id. at 1230. Additionally, "[t]he trial court also found that `damages can be readily calculated from the commissions derived by Defendant at his new place of employment.'" Id. Therefore, this court found that the trial court did not abuse its discretion in denying the motion for temporary injunction.
We think Bell is distinguishable because this court affirmed a trial court's order, based upon a factual finding. There, the trial court found that the damages could be readily calculated based upon the facts of that case. Likewise, in 3299 North Federal Highway, Inc. v. Board of County Commissioners of Broward County, 646 So. 2d 215 (Fla. 4th DCA 1994), and South Florida Limousines, Inc. v. Broward County Aviation Department, 512 So. 2d 1059 (Fla. 4th DCA 1987), also cited by Litwinczuk, we also affirmed a trial court's denial of a temporary injunction based upon its conclusion that no irreparable injury was shown because damages could be calculated.
Here, the trial court did not find that damages could be calculated, nor do we think that the evidence was "undisputed" that they could. In fact, the clinic's business manager testified that he could not calculate the clinic's losses because he had no idea what Dr. Litwinczuk was billing for his patients. Further, the mere fact that damages for current patients might be calculable does not address the investment made by the clinic in developing Dr. Litwinczuk's practice in Palm Beach County and thus the goodwill that was generated. On such very limited evidence, the trial court did not abuse its discretion in determining that the presumption of irreparable injury was not overcome.
Likewise, the clinic established that the injunction was necessary to protect its legitimate business interests. Section 542.335(1)(b) provides, in pertinent part:
(b) The person seeking enforcement of a restrictive covenant shall plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant. The term "legitimate business interest" includes, but is not limited to:
1. Trade secrets, as defined in s. 688.002(4).
. . . .
3. Substantial relationships with specific prospective or existing . . . patients. . . .
4. [P]atient, or client goodwill associated with:
a. An ongoing business or professional practice, by way of trade name, trademark, service mark, or "trade dress";
b. A specific geographic location; or
c. A specific marketing or trade area.
5. Extraordinary or specialized training.
The Fifth District applied this statute in determining that a health care company had a legitimate business interest in its patients which it could protect against a physician violating the terms of a covenant not to compete in Supinski v. Omni Healthcare, P.A., 853 So. 2d 526 (Fla. 5th DCA 2003). There, as in this case, a physician employed by a medical practice, under a contract containing a covenant not to compete, resigned his position and set up a practice close to his former employer and started seeing prior patients. Forty percent of his patients were patients of his former employer, and his new office was well within the geographical restriction in the covenant not to compete. The trial court entered a temporary injunction, and the appellate court affirmed, concluding that on this evidence, the employer had a legitimate business interest to protect. The trial court had not abused its discretion in granting the injunction.
Similarly, in this case Dr. Litwinczuk began practicing only a few blocks from the clinic's offices and within a short period of time saw forty-nine of the clinic's prior patients. Just as in Supinski, the trial court was within its discretion in determining that the clinic had a legitimate business interest to protect in the form of ongoing patients and patient goodwill "associated with a specific geographic location." The trial court actually reduced the geographic reach of the injunction from all of Palm Beach County to the area from which the clinic drew its patients, concluding that this was the region in which the clinic had a legitimate business interest to protect.
Finally, Dr. Litwinczuk challenges the trial court's conclusion that the clinic presented a prima facie case that it had a substantial likelihood of prevailing on the merits. He contends that the "undisputed evidence" showed that the clinic breached the contract or that his other defenses would prevail. However, the trial court heard clearly disputed evidence on all of these issues and found that his defense was based in large part on his own testimony which the court found questionable. Thus, because the trial court is the finder of fact, we will not disturb its rulings.
The temporary injunction is affirmed.
KLEIN and GROSS, JJ., concur.
Not final until disposition of timely filed motion for rehearing.