NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MATTHEW GALLOWAY, M.D., and
GALLOWAY ORTHOPEDICS, LLC,          )
                                    )
        Appellants,                 )
                                    )
v.                                  )          Case Nos.  2D15-5437
                                    )                     2D16-241
ORTHOPEDIC SPECIALISTS, LLP,        )
                                    )          CONSOLIDATED
        Appellee.                   )
_____)

Opinion filed August 16, 2017.

Appeals pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Pinellas
County; Jack R. St. Arnold, Judge.

Marie A. Borland of Hill, Ward &
Henderson, P.A., Tampa; Travis Godwin
of Shankman, Leone, P.A., Tampa; and
Thomas Cope of Cope, Zebro &
Crawford, P.L., Clearwater, for
Appellants.

Brandon S. Vesely and Nicole M.
Ziegler of Keane, Reese, Vesely &
Gerdes, P.A., St. Petersburg, for
Appellee.


KELLY, Judge.

        In appeal number 2D15-5437, Dr. Matthew Galloway and Galloway

Orthopedics, LLC, ask this court to reverse the trial court's order denying a motion to

dissolve an ex parte temporary injunction. The injunction was entered against Dr. Galloway after his former employer, Orthopedic Specialists, LLC, sued him for breach of the restrictive covenants in his employment agreement. The only issue before us at this juncture is whether the trial court abused its discretion when it denied the motion to dissolve the injunction. See Thomas v. Osler Med., Inc., 963 So. 2d 896, 899 (Fla. 5th DCA 2007) (stating the standard of review in determining whether a trial court properly refused to dissolve an injunction is abuse of discretion); Gold Coast Chem. Corp. v. Goldberg, 668 So. 2d 326, 327 (Fla. 4th DCA 1996) (stating a trial court's ruling on a temporary injunction is reviewed for an abuse of discretion). Having reviewed the record in light of the arguments raised in this appeal, we conclude the appellants have failed to demonstrate that the trial court abused its discretion when it refused to dissolve the temporary injunction. Accordingly, we affirm the trial court's order. We also affirm without discussion the contempt order challenged by appellants in appeal number 2D16-241.

In so ruling, we remind the parties and the trial court that "[a] temporary injunction does not decide the merits of a case; no full hearing has been conducted." Gold Coast, 668 So. 2d at 327. Neither the trial court's findings of fact and conclusions of law nor our determination that the trial court did not abuse its discretion in denying the motion to dissolve the injunction will be binding at a trial on the merits. See Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Klak v. Eagles' Reserve Homeowners' Ass'n., 862 So. 2d 947, 952 (Fla. 2d DCA 2004); Hialeah, Inc. v. Calder Race Course, Inc., 620 So. 2d 261, 262 (Fla. 3d DCA 1993).

Affirmed.

CRENSHAW and BLACK, JJ., Concur.