661 So.2d 932 (1995)
Deborah CAULK, Appellant,
v.
ORANGE COUNTY, Florida, etc., et al., Appellees.
No. 94-2399.
District Court of Appeal of Florida, Fifth District.
October 20, 1995.
*933 Lisa M. Connell of Wilson, Leavitt & Small, P.A., Orlando, for Appellant.
Alan E. DeSerio, Kimbel L. Merlin, and Paul D. Bain of Brigham, Moore, Gaylord, Schuster & Merlin, Tampa, for Appellee Amoco Oil Company.
No appearance for Appellee Orange County, Florida.
PETERSON, Chief Judge.
Deborah Caulk (Caulk) appeals the denial of her request for apportionment of a condemnation award for real property. She claims that she reserved an interest in the real property because she reserved the right to condemnation proceeds when she executed a deed conveying the real property. We disagree and affirm.
In 1978 Caulk and her now-deceased husband conveyed a parcel of land to R.T. Hibbard. The deed of conveyance included the following language:
The grantor reserves and retains all rights, title, and interest in and to any and all proceeds arising out of eminent domain, condemnation, or similar proceedings relative to the East 80 feet or any part thereof, of subject property by any government authority or public utility, upon the provision and understanding that such proceeds shall be paid in full to the grantor directly from the respective governmental [sic] authority and the same shall be additional consideration for the execution of this Warranty Deed.
In the event that the governmental authority acquires the additional right of way and should fence this property in, the entire proceeds from the said governmental authority would be disbursed to the Grantee herein.
In 1985, Hibbard sold the land to Hibbard Oil Co. In 1986, Hibbard Oil sold the land to appellee Amoco Oil Company. Neither of the latter two deeds contain the above language. In 1990, Orange County filed suit against Amoco seeking condemnation of a portion of the property.
In April 1993, Caulk noticed street improvements around the land she and her husband had conveyed to Hibbard, learned that the condemnation action was pending, and moved to intervene. She claimed a part interest in the proceeds of the condemnation based on the language in her 1978 deed.
The trial court allowed Caulk to intervene, but denied her request for apportionment because, among other reasons, the covenant in the deed had been a personal one between Caulk and Hibbard.
Covenants are divisible into two major classes: (1) real covenants which run with the land and bind the heirs and assigns of the covenantor, and (2) personal covenants which bind only the covenantor personally. 19 Fla.Jur.2d, Deeds § 173 (1980). A covenant *934 running with the land differs from a personal covenant in that the former concerns the enjoyment of the property conveyed. Maule Industries, Inc. v. Sheffield Steel Products, Inc., 105 So.2d 798 (Fla. 3d DCA 1958). A personal covenant is collateral to or is not immediately concerned with the property granted. Id. A covenant must have a relation to the land or the interest conveyed in order that a covenant may run with the land. Hagan v. Sabal Palms, Inc., 186 So.2d 302, 310 (Fla. 2d DCA 1966). The thing required to be done must be something which touches the land, interest, or estate and the occupation, use, or enjoyment of it. Id.
The covenant in Caulk's deed to Hibbard is incapable of running with the land. Although the covenant "concerns" the land, it does so only tangentially. Unlike covenants respecting mineral rights and crops, for example, which directly impact the use of the land, the covenant in the instant case has no effect whatever on the land. The only thing the covenant in the instant case really "touches" and "concerns" is the intangible personal property, namely cash, that may be paid by a condemnor.
Further, even if this covenant could run with the land, nothing in the deed suggests it was intended to do so. Rather, the language suggests the opposite. First, the language does not indicate that the obligation is to run with the land, nor does it state that it is binding on heirs and assigns. Second, it refers to the "grantee herein", i.e., Hibbard (emphasis added). Third, the alternative provisions in the covenant sound personal. Under one scenario Caulk was to receive condemnation proceeds, but, under another, Hibbard, the "grantee herein", would receive the proceeds. If this covenant were running with the land, the incongruous result would be that any subsequent purchaser, whose land was fenced in by the government, would have to pay the proceeds of the condemnation to Hibbard.
Because Caulk has not shown that the covenant touches and concerns the land, or that the covenant was intended to run with the land, the court's order is affirmed.
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.