746 So.2d 480 (1999)
PARK AVENUE BBQ & GRILLE OF WELLINGTON, INC., Appellant,
v.
COACHES CORNER, INC., Appellee.
No. 97-3496.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
*481 Mark F. Bideau of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., West Palm Beach, and Michael R. Bakst of Ackerman, Bakst, Cloyd & Bakst, P.A., West Palm Beach, for appellant.
William G. Shofstall, Jr., West Palm Beach, for appellee.
WEINSTEIN, PETER M., Associate Judge.
Market Wellington, Inc., Park Avenue BBQ & Grille, Regency Realty Group, RRC Fl. Six, Inc. and Wellington Marketplace Associates, LTD. (here collectively referred to as "Park Avenue" and "Wellington Marketplace") appeal from the final decision of the trial court enjoining Park Avenue from showing televised sporting events to patrons of its restaurant and enjoining Wellington Marketplace from allowing Park Avenue to show televised sporting events. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
Coaches Corner is a sports bar/sports restaurant in Wellington at the Wellington Marketplace Shopping Center. Coaches Corner and Wellington Marketplace entered into a lease agreement which contained a limited exclusivity provision. Section 5.01(a) of the Addendum to the Lease provided that the landlord would not lease space in the shopping center to a restaurant or bar whose primary use was that of a sports bar/sports restaurant. Sports bar/sports restaurant is defined in section 5.01(a) as any establishment that "devotes more than ten percent of its space to use as a sports bar/sports restaurant or for the viewing of sporting events." Thereafter Park Avenue BBQ Restaurant opened for business in the Marketplace. Park Avenue is primarily a barbecue rib restaurant. Park Avenue has two television sets above its bar for those patrons either waiting in line for a table or for those customers who are sitting at the bar. Coaches Corner alleged that Park Avenue's use of the two TV sets violated its exclusive right to be the only sports bar/sports restaurant in the shopping center.
Coaches Corner filed for declaratory and injunctive relief and after a hearing the trial court entered a final judgment enjoining Park Avenue, the landlord (RRC), and the landlord's management company (Regency) from showing televised sporting events to patrons occupying more than 10% of its space in the shopping center. Park Avenue and the other defendants appeal.
Plaintiff/Appellee, Coaches Corner, Inc. and Defendants/Appellants Market Wellington, Inc., Regency Realty Group, Inc., RRC Fl. Six, Inc., and Wellington Marketplace Associates, LTD., have been able to resolve their differences pursuant to the "Stipulation for Non-Enforcement of Injunction and Dismissal of Litigation." However, Park Avenue BBQ & Grille of Wellington, Inc., continues to proceed with the appeal.
Park Avenue argues that even if Coaches Corner established the elements for injunctive relief, it should be barred from getting an injunction because of the doctrine of laches. Rather than pursuing its claim for injunctive relief right away, Coaches Corner waited until Park Avenue opened for business in January 1996 before filing for the injunction. Two of the four elements necessary for the application of the doctrine of laches are not present here. See Van Meter v. Kelsey, 91 So.2d 327 (Fla.1956). Coaches Corner acted promptly when it learned of Park Avenue's intention of televising sporting events. The owner's attorney wrote a letter to the landlord in August 1995 to remind the *482 landlord that Coaches Corner had the exclusive right to sporting events on TV. The lawsuit was filed on August 25, 1995, less than one month after Park Avenue signed its lease and before it opened for business.
Park Avenue next contends that Coaches Corner has no legal right to enjoin Park Avenue because they were not in contractual privity. Park Avenue asserts that in order for one party not in privity with another party to seek a civil remedy against another there has to be a legal duty between them, citing Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980). However, that case merely holds that absence of contractual privity is no bar to a tort claim provided the plaintiff can establish the existence of a duty between the parties independent of the contract.
Coaches Corner responds that the covenant in the lease was negotiated between Coaches Corner and the original landlord, Wellington Marketplace. The restriction was incorporated when the property was conveyed to RRC and Regency. Coaches Corner asserts that where a covenant is contained in a deed the covenant may be enforced against the grantor and any grantee or successor grantee, provided the grantee or successor grantee had notice of the covenant, citing Hagan v. Sabal Palms, Inc., 186 So.2d 302 (Fla. 2d DCA 1966). Here Park Avenue had actual notice and knowledge of Coaches Corner's restrictive covenant prior to the time it signed its lease. Coaches Corner points out that Park Avenue's president hand wrote language into his lease allowing Park Avenue to televise sporting events because he was concerned about Coaches Corner's exclusivity provision. Thus, he knew of Coaches Corner's exclusivity provision. Coaches Corner points out that injunctive relief is proper where a clear legal right has been violated for which there is no adequate remedy at law and where irreparable injury will result. First Nat'l Bank in St. Petersburg v. Ferris, 156 So.2d 421 (Fla. 2d DCA 1963).
Park Avenue replies that Hagan is inapplicable because it deals with restrictive covenants that run with the land as opposed to a restrictive covenant such as this which is in the nature of a noncompetition agreement. Park Avenue argues that the trial court's use of the law of restrictive covenants in deeds to this lease case is wrong as a matter of law. But Park Avenue has cited no support for its argument that exclusivity provisions in leases are not enforceable against other tenants and the cases Park Avenue has relied on show that an injunction may be proper where a clear legal right has been violated, for which there is no adequate remedy at law and where proof of irreparable harm is established. See M.G.K. Partners v. Cavallo, 515 So.2d 368 (Fla. 4th DCA 1987). There the operators of an Italian restaurant sought to enjoin the landlord from allowing a Domino's pizza in the strip mall because the lease prohibited restaurants with competitive menus. The trial court granted the injunction which prevented the landlord from violating the noncompetition clause and the Fourth District affirmed. Although the case does not discuss whether an injunction issued against Domino's, the effect would have been to prevent Domino's from competing. The case does support that the landlord in this case, RRC, could be enjoined from allowing the showing of television sporting events by Park Avenue.
Park Avenue next argues that whether it knew of Coaches Corner's exclusivity provision is irrelevant. Park Avenue relies on Fotomat Corp.of Florida v. R.B. Films, Inc., 366 So.2d 1213 (Fla. 1st DCA 1979) to support its argument that notice is irrelevant. In that case Southland leased a portion of a parking lot for a drive-up photo developing business. The lease contained a covenant that the landlord would not lease other property for the same purpose. Later the landlord leased another area to Fotomat. The landlord allegedly did not know about the exclusivity *483 provision in its lease with Southland. Fotomat supposedly told the landlord that no one in the industry used an exclusive covenant in their leases. Fotomat also told the landlord that Southland and Fotomat competed against each other all over the country without restrictive covenants. Southland sued the landlord and Fotomat and obtained a permanent injunction. The trial court ruled that the landlord relied upon the representation of Fotomat that the Southland lease did not contain an exclusivity clause and therefore Fotomat should be equitably estopped in favor of Southland. Fotomat appealed and the district court reversed because Fotomat had made no statements to Southland on which Southland relied. (Fotomat had only told the landlord that no one in the industry had exclusivity provisions). It is only a party who has relied on statements made to him who can claim that the speaker is estopped by them. Thus, Park Avenue argues that because it made no representations to Coaches Corner upon which Coaches Corner relied Park Avenue cannot be estopped.
The case is distinguishable because at the time that the landlord and Fotomat negotiated the lease, neither of them knew about the restrictive covenant in the first tenant's lease, unlike the present case where Coaches Corner reminded the landlord of the exclusivity provision before Park Avenue signed the lease. Coaches Corner also advised Park Avenue of the restriction. Additionally, the injunction in Fotomat completely stopped Fotomat's business, but Park Avenue is not completely shut down; it is restricted only from showing sporting events.
Based upon the foregoing, we determine that the trial court's imposition of the injunction against Park Avenue should be affirmed.
GUNTHER, and POLEN, JJ., concur.