DAVIS, Judge.
J.H. Williams Oil Company, Inc. (“Williams”), challenges the trial court’s entry of final summary judgment in favor of Doris C. Harvey, Trustee; Barbara Harvey Ryals, fik/a Barbara Kay Harvey, Trustee; and Nancy Harvey Mynard, Pk/a Nancy Jean Harvey, Trustee (collectively “the Trust”), which awarded the Trust certain eminent domain proceeds. The Trust cross-appeals, challenging the trial court’s prior order granting summary judgment in favor of Williams and finding that the Trust’s rights under the reservation agreement at issue did not touch and concern the land. We affirm.
This cause of action stems from the sale of certain land by the Trust to Chevron Oil Company (“Chevron”). As part of that transaction, Chevron and the Trust executed a reservation agreement, which provided that if a certain portion of the land were later taken by eminent domain, the Trust would receive the eminent domain proceeds. The reservation agreement, which was recorded in the official county records, specifically bound both Chevron and the Trust as well as their successors and assigns.
Chevron then deeded the entire parcel to Williams. The deed of conveyance included the following language: “[Sjubject to ... [a]ll easements, reservations, exceptions and restrictions of record, which matters are as follows: ... (c) Agreement by and between the co-trustees of the Doris C. Harvey Marital Deduction Trust and Chevron, USA, Inc., recorded December 26, 1990 in Official Records Book 1971, Page 1920.”
When the Florida Department of Transportation then took the parcel by eminent domain, it named both Williams and the Trust in the suit. The Trust filed a cross- *289 claim against Williams, seeking to enforce the reservation agreement.
The trial court entered final summary-judgment in favor of the Trust, finding that the doctrine of estoppel by deed applied and concluding that Williams was estopped from claiming entitlement to the condemnation proceeds. Based on the record before us, we agree. The language of the reservation agreement expressed the intention of the Trust and Chevron that the title to the property be taken subject to this reservation. Likewise, it is clear from the face of the deed that Chevron was conveying title subject to the reservation. The deed not only included a description of the reservation but also cited the location in the public records where a copy of the reservation could be found. Williams therefore is estopped from denying the reservation as it had appropriate notice from the face of the deed by which it took title and from the public records. See Leffler v. Smith, 388 So.2d 261 (Fla. 5th DCA 1980).
Williams suggests that this issue is controlled by Caulk v. Orange County, 661 So.2d 932 (Fla. 5th DCA 1995). In that case, Caulk transferred title to real property to Hibbard by a deed that reserved for Caulk the right to any proceeds that might be realized by the taking of a portion of the property by any governmental authority. Hibbard subsequently conveyed title to Hibbard Oil Company, which then transferred title to Amoco Oil Company. Neither of these deeds included the language of Caulk’s deed. The Fifth District observed that covenants are divisible into two groups: (1) real covenants, which run with the land and bind the heirs and assigns of the covenantor; and (2) personal covenants, which bind only the covenantor personally. The court found that Caulk’s reservation was personal in that the language in the reservation failed to state that it was binding on heirs and assigns. Further, the reservation contained alternative language that would result in the grantee receiving the proceeds under certain circumstances. The court concluded that the reservation was personal and did not run with the land. Caulk, 661 So.2d at 934.
However, in reaching its conclusion, the court indicated that it did not believe that the reservation of the right to proceeds sufficiently “concerned” the land so as to qualify as an interest that could “run with the land.” Id. We note that this language is dicta. The opinion went on to conclude: “Further, even if this covenant could run with the land, nothing in the deed suggests it was intended to do so.” Id. Thus, the holding was based on the language of that particular deed, not upon whether such an interest qualifies as one that could run with the land.
Accordingly, we distinguish the holding in Caulk, as the language in the deeds and the reservation agreement at issue here clearly indicates that the parties intended to bind all successors and assigns and that the subsequent conveyance was subject to this reservation.
Having determined that the trial court was correct in entering judgment in favor of the Trust based on the estoppel by deed argument, we need not reach the issues raised by the Trust in its cross-appeal.
Affirmed.
CASANUEVA and VILLANTI, JJ., Concur.