# Supreme Court of Florida

---

No. SC19-1371

---

**SHANE R. HAYSLIP, et al.,**
Petitioners,

vs.

**U.S. HOME CORPORATION,**
Respondent.

January 27, 2022

LABARGA, J.

This case is before the Court for review of the decision of the Second District Court of Appeal in *Hayslip v. U.S. Home Corp.*, 276 So. 3d 109 (Fla. 2d DCA 2019), which certified the following question as one of great public importance:

> DOES A MANDATORY ARBITRATION PROVISION CONTAINED WITHIN A RESIDENTIAL WARRANTY DEED CONVEYING RESIDENTIAL PROPERTY FROM HOME BUILDER TO ORIGINAL PURCHASER RUN WITH THE LAND SUCH THAT IT IS BINDING ON SUBSEQUENT PURCHASERS WHERE THE INTENDED NATURE OF THE PROVISION IS CLEAR AND THE PARTY AGAINST WHOM ENFORCEMENT IS SOUGHT WAS ON NOTICE OF THE PROVISION?

*Id.* at 118.  We have jurisdiction.  *See* art. V, § 3(b)(4), Fla. Const.

We rephrase the certified question as follows:

> DOES A DEED COVENANT REQUIRING THE
> ARBITRATION OF ANY DISPUTE ARISING FROM A
> CONSTRUCTION DEFECT RUN WITH THE LAND, SUCH
> THAT IT IS BINDING UPON A SUBSEQUENT
> PURCHASER OF THE REAL ESTATE WHO WAS NOT A
> PARTY TO THE DEED?

We answer the rephrased certified question in the affirmative

and approve the decision of the Second District Court of Appeal.

## FACTS AND PROCEDURAL HISTORY

In 2007, the home at issue in the present case (the Home) was

constructed and sold by U.S. Home to the original purchasers, with

transfer of title being conveyed from U.S. Home to the original

purchasers via special warranty deed (Original Deed), which was

recorded in the Official Records of Lee County, Florida.  *Hayslip*,

276 So. 3d at 112.  The Original Deed contained the following

provision (the Arbitration Provision):

> Grantor and Grantee specifically agree that this
> transaction involves interstate commerce and that any
> dispute . . . shall first be submitted to mediation and, if
> not settled during mediation, shall thereafter be
> submitted to binding arbitration as provided by the
> Federal Arbitration Act . . . and not by or in a court of law
> or equity.

*Id.* The Original Deed also contains several covenants, conditions, and restrictions (CC&Rs) concerning the Home. These recorded CC&Rs provide that they: (1) bind both the original purchasers and subsequent purchasers; and (2) require arbitration for disputes concerning the Home. The Original Deed also provides that its CC&Rs run with the land:

> All covenants, conditions and restrictions contained in this Deed are equitable servitudes, perpetual and run with the land including, without limitation, Sections H, I, and J.

Section J of the Original Deed expressly states that acceptance of the Original Deed binds successors and assigns to its terms:

> Grantee, by acceptance of this Deed, automatically agrees for itself, and its heirs, personal representatives, successors and assigns, to observe and to be bound by all of the terms and conditions set forth in this Deed.

*Id.* at 112.

In 2010, the original purchasers sold the Home to the Hayslips. The Hayslips' 2010 deed provides that it is "[s]ubject to easements, restrictions, reservations and limitations, if any." *Id.*

In 2017, the Hayslips filed a lawsuit against U.S. Home pursuant to section 553.84, Florida Statutes (2016), alleging that U.S. Home improperly installed the stucco system on the Home in

violation of the Florida Building Codes Act. 276 So. 3d at 112. In response, U.S. Home filed a Motion to Dismiss or Stay and Compel Arbitration. *Id.* at 112-13. Following a hearing, the general magistrate denied U.S. Home's request to dismiss the action and granted U.S. Home's request to stay the action and compel arbitration. *Id.* at 113. The circuit court adopted the general magistrate's report and recommendation, and the Hayslips appealed. *Id.* On appeal to the Second District, the court held that a valid arbitration agreement existed, that it was a covenant running with the land, and affirmed the circuit court's order. *Id.* at 118. The district court then certified the question set forth above as one of great public importance.

## ANALYSIS

The Hayslips argue that they are not bound by the Arbitration Provision because it is not a covenant running with the land. Covenants are divisible into two major classes: (1) real covenants which run with the land and typically bind the heirs and assigns of the covenanting parties, and (2) personal covenants which bind only the covenanting parties personally. *See Palm Beach Cnty. v. Cove Club Invs. Ltd.*, 734 So. 2d 379, 382 n.4 (Fla. 1999); *see also Caulk*

- 4 -

*v. Orange County*, 661 So. 2d 932, 933 (Fla. 5th DCA 1995). Although they dispute the application of the test to the facts of this case, the parties agree that the following three conditions must exist to create a valid and enforceable covenant running with the land: "(1) the existence of a covenant that touches and involves the land; (2) an intention that the covenant run with the land; and (3) notice of the restriction on the part of the party against whom enforcement is sought." *Winn-Dixie Stores, Inc. v. Dolgencorp, Inc.*, 964 So. 2d 261, 265 (Fla. 4th DCA 2007). We conclude that all three factors are present here and that the arbitration provision is a real covenant running with the land.

The distinction between a real covenant and a personal covenant was articulated by the Third District Court of Appeal in *Maule Industries, Inc. v. Sheffield Steel Products, Inc.*, 105 So. 2d 798 (Fla. 3d DCA 1958). The Third District defined a real covenant running with the land as one concerning the property conveyed and the occupation and enjoyment thereof. *Id.* at 801. "If the performance of the covenant must touch and involve the land or some right or easement annexed and appurtenant thereto, and tends necessarily to enhance the value of the property or renders it

more convenient and beneficial to the owner, it is a covenant running with the land." *Id.*

The performance of the covenant in the present case affects the occupation and enjoyment of the home, as it dictates the means by which the Hayslips must seek to rectify building defects related to the home. *See, e.g., Hagan v. Sabal Palms, Inc.,* 186 So. 2d 302, 310 (Fla. 2d DCA 1966). Not only is the covenant triggered when an apparent defect in the home is realized and the homeowners seek recourse from the builder, but the outcome of the arbitration proceeding necessarily impacts the home as well. Thus, the arbitration provision touches and concerns the property itself because it "affect[s] 'the mode of enjoyment of the premises.' " *Winn-Dixie Stores,* 964 So. 2d at 264 (quoting *Dunn v. Barton,* 16 Fla. 765, 771 (1878)). Moreover, "the thing required to be done" in the present case—arbitrate the dispute—touches the enjoyment of the land because the Hayslips benefit from the defective stucco being resolved. *Hagan,* 186 So. 2d at 310 (quoting *Maule Indus.,* 105 So. 2d at 801). The responsibility to build the home in accordance with the applicable laws and regulations is directly

linked to the contract. For all of these reasons, we conclude that the arbitration provision touches and involves the land.

As to the original contracting parties' intent, the Original Deed specifies that all covenants run with the land.

> G. All covenants, conditions and restrictions contained in this Deed are equitable servitudes, perpetual and run with the land including, without limitation, Sections H, I, and J.
>
>  . . . .
>
> I. Grantor and Grantee specifically agree that this transaction involves interstate commerce and that any Dispute (as hereinafter defined) shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§1 et seq.) and not by or in a court of law or equity.

Therefore, the language of the Original Deed expressly provides that the original parties intended that the arbitration provision runs with the land.

Finally, as to notice, the Hayslips also dispute the existence of a valid arbitration agreement because, by not being signatories to the Original Deed, they did not intend to be bound by the arbitration provision. However, a deed covenant may be enforced against a successor grantee so long as the successor grantee had

notice of the covenant, *see Park Ave. BBQ & Grille of Wellington, Inc. v. Coaches Corner, Inc.*, 746 So. 2d 480, 482 (Fla. 4th DCA 1999), and under section 695.11, Florida Statutes (2016), if an instrument is recorded in the official county records, such recording "shall be notice to all persons." *See also Hagan*, 186 So. 2d at 310 (quoting 26 C.J.S. *Deeds* § 167(1) ("[I]f [a restrictive covenant] runs with the land, the covenant binds the owner regardless of knowledge, and if not, he is bound only if he took the land with notice.").  The Hayslips had constructive notice of the arbitration provision because it was properly recorded.  Accordingly, the Hayslips are bound by the arbitration provision.

## CONCLUSION

For the reasons expressed, we answer the rephrased certified question in the affirmative and approve the result reached in the Second District Court of Appeal.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal

Certified Great Public Importance

Second District – Case No. 2D17-4372

(Lee County)

Joshua E. Burnett of Burnett Law, P.A., Tampa, Florida,

    for Petitioners

David M. Gersten, Marie H. Kim, and Ryan M. Wolis of Gordon Rees Scully Mansukhani LLP, Miami, Florida; and C. David Harper of Foley & Lardner LLP, Tampa, Florida,

    for Respondent

Kenneth B. Bell and John W. Little, III of Gunster, West Palm Beach, Florida; and Robert W. Goldman of Goldman Felcoski & Stone, P.A., Naples, Florida,

    for Amicus Curiae Real Property Probate & Trust Law Section of The Florida Bar

Manuel Farach of McGlinchey Stafford, PLLC, Fort Lauderdale, Florida,

    for Amicus Curiae Florida Land Title Association