763 So.2d 555 (2000)
CITY OF DANIA BEACH, Florida, Appellant,
v.
Martin KONSCHNIK and Florence Konschnik, Appellees.
No. 4D00-0581.
District Court of Appeal of Florida, Fourth District.
August 2, 2000.
Michael T .Burke and Erin E. Gill of Johnson, Anselmo, Murdoch, Burke & George, P.A., Fort Lauderdale, for appellant.
Thomas R. Bolf of Ruden, McClosky, Smith Schuster & Russell, P.A., Fort Lauderdale, for appellees.
WARNER, C.J.
The City of Dania Beach appeals a temporary injunction order, requiring it to reopen an alleyway located behind the appellee Martin Konschnik's property. After the City closed the alleyway at the request of residents, the Konschniks brought a *556 complaint seeking money damages for inverse condemnation and an injunction against the alley closing "unless and until the City of Dania Beach pays the Konschniks the value of the lost access via a duly instituted condemnation action." Upon hearing evidence at a temporary injunction hearing, the trial court concluded that irreparable harm had not been shown, but that the traffic situation for the appellees' business would not improve unless the alleyway was opened. Based on this reasoning, the court entered a temporary injunction. We reverse.
A temporary injunction is properly entered only in extraordinary circumstances. See Islandia Condominium Ass'n v. Vermut, 438 So.2d 89, 89 (Fla. 4th DCA 1983). Before courts issue such injunctions, the movants must show: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) consideration of the public interest. See City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 752 (Fla. 1st DCA 1994) (citations omitted). "Clear, definite, and unequivocally sufficient factual findings" must support each of these four criteria before the court may enter the injunction. Id. at 754.
The order in this case is deficient in several respects. First, the injunction did not adequately specify reasons for its entry. See Fla. R. Civ. P. 1.610(c); Allegra Enters., Inc. v. Fairchild, 455 So.2d 1073, 1074 (Fla. 4th DCA 1984). Second, the requirements to obtain an injunction were not met. There was no showing of irreparable harm, as even the trial court found. Moreover, from their own pleadings, appellees alleged the existence of an adequate remedy at law. The injunction was requested only until appellees could be compensated through condemnation for the loss of access to their property. Finally, appellees neither alleged nor proved at the hearing that there was a likelihood of success on the merits. These deficiencies require reversal of the injunctive order.
Reversed.
STONE and POLEN, JJ., concur.