780 So.2d 248 (2001)
INFINITY RADIO INC., a Delaware corporation, f/k/a CBS Radio Inc., Appellant,
v.
Elena WHITBY a/k/a Jennifer Ross and James Crystal Licenses, LLC, a Delaware corporation, Appellees.
No. 4D00-3544.
District Court of Appeal of Florida, Fourth District.
February 21, 2001.
Rehearing Denied April 3, 2001.
Alan Rosenthal, Julie Feigeles and Raoul G. Cantero, III, of Adorno & Zeder, P.A., Miami, for appellant.
Christine D. Hanley and David H. Spalter of Christine D. Hanley & Associates, *249 P.A., West Palm Beach, for appellee James Crystal Licenses, LLC.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach, and David L. Gorman of David L. Gorman, P.A., North Palm Beach, and Anthony J. Natale of Anthony J. Natale, P.A., West Palm Beach, for appellee Elena Whitby.
POLEN, J.
Infinity Radio, Inc., f/k/a CBS Radio, Inc. ("Infinity") timely appeals from a nonfinal order denying its motion for temporary injunction. We hold the trial court abused its discretion in denying the injunction and, as such, reverse.
On September 26, 2000, Infinity filed a complaint for injunctive relief against Elena Whitby, a/k/a Jennifer Ross (Whitby), and James Crystal Licenses, LLC, d/b/a Crystal Radio/WRMF (Crystal Radio), based on a letter agreement which Whitby executed on May 18, 1995, with Infinity's predecessor in interest, OmniAmerica Group, Inc. (Omni). Pursuant to the 1995 agreement, Whitby agreed to provide her services as an on-air personality on WEAT FM/Sunny 104.3 radio station ("WEAT"), now operated by Infinity, in West Palm Beach. The agreement contained a noncompete clause which prohibited Whitby from providing her services to any business competitive with Infinity for a certain period of time and within a certain radius without Infinity's written approval. The agreement also provided that it would inure to the benefit of successors and assigns:
13. Successors and Assigns.

This Agreement shall inure to the benefit of and be binding upon the Company, its successors and assigns, including, but not limited to, any corporation which may acquire all or substantially all of the Company's assets and business or with or into which the Company may be consolidated or merged, and upon you, your heirs, executors, administrators, and legal representatives. You may not assign this Agreement under any circumstances.
Whitby and Infinity entered into an "amendment" to that agreement on February 16, 1999. The amendment provided, "Reference is made to that Letter Agreement (the `Agreement'), dated December 29, 1997,[1] by and between CBS Radio Inc. (successor-in-interest to OmniAmerica Group and herein referred to as `Company') and Elena Whitby (`Employee')." The amendment gave Whitby a hefty pay increase but provided that "[i]n all other respects the Agreement shall remain in full force and effect and is hereby ratified and affirmed."
Infinity alleged that while still employed by Infinity, Whitby accepted employment from Crystal Radio, an Infinity competitor, and resigned from WEAT on September 22, 2000. Infinity asked the court to enjoin Whitby from being employed by Crystal Radio and from appearing on WRMF, and that Crystal Radio be enjoined from promoting Whitby as WRMF's on-air personality. It also filed an emergency motion for temporary injunction.
An evidentiary hearing was thereafter held. After hearing argument and testimony, the trial court denied the motion. The court found that the 1999 amendment, which involved a change in the identity of the employer (Infinity instead of Omni) and a significant pay increase for Whitby, constituted a wholly new agreement. As such, it held that the new 1999 agreement was governed by section 542.335(1)(f)(2), Florida Statutes (1999), which was enacted in 1996. That section provides,
(f) The court shall not refuse enforcement of a restrictive covenant on the *250 ground that the person seeking enforcement is a third-party beneficiary of such contract or is an assignee or successor to a party to such contract, provided:
* * * *
2. In the case of an assignee or successor, the restrictive covenant expressly authorized enforcement by a party's assignee or successor.
Under this statute, the court found that Infinity failed to prove substantial likelihood of success on the merits because the 1999 agreement did not expressly incorporate by reference the non-compete clause from the 1995 agreement, and because the 1995 agreement did not expressly authorize enforcement of the noncompete clause by a party's assignee. This appeal followed.
A trial court's ruling on a motion for a temporary injunction is clothed in a presumption of correctness, subject to reversal only for a clear abuse of discretion. Gold Coast Chem. Corp. v. Goldberg, 668 So.2d 326, 327 (Fla. 4th DCA 1996). In order to obtain a temporary injunction, a party must prove the following: (1) that it will suffer irreparable harm unless the status quo is maintained; (2) that it has no adequate remedy at law; (3) that it has a substantial likelihood of success on the merits; and (4) that a temporary injunction will serve the public interest. City of Dania Beach v. Konschnik, 763 So.2d 555 (Fla. 4th DCA 2000).
Under these standards, we hold the trial court misinterpreted the law. The 1999 "amendment" was not an assignment, but rather, a brand new agreement between Whitby and Infinity that incorporated all provisions of the 1995 agreement by reference. Therefore, and notwithstanding the provisions of section 542.335(1)(f)(2), Infinity, as party to the new agreement, was entitled to enforce the noncompete clause against Whitby. Accordingly, we reverse.
REVERSED and REMANDED for entry of injunctive relief in accordance with this opinion.
KLEIN and TAYLOR, JJ., concur.
NOTES
[1] This reference to 1997 appears to be a typographical error, as the parties recognized that Whitby entered into only two agreements at WEATone in 1995, and another in 1999. Other provisions in the 1999 amendment support that the initial reference to 1997 was erroneous.