792 So.2d 644 (2001)
GOLDEN SHORES PROPERTIES, LLC., Appellant,
v.
Danielle SANTOPIETRO, Appellee.
No. 3D01-1219.
District Court of Appeal of Florida, Third District.
August 28, 2001.
*645 Steven M. Rosen, Miami, for appellant.
Alex T. Barak, Hollywood, for appellee.
Before LEVY, SHEVIN, RAMIREZ, JJ.
RAMIREZ, J.
Golden Shores Properties, LLC. appeals the trial court's order discharging the lis pendens filed in conjunction with a real property specific performance action. We affirm.
On April 3, 2001, Golden Shores executed a contract for the purchase of real property owned by appellee Danielle Santopietro and located in Miami Dade County. Santopietro accepted the contract on April 6. The contract provided for a closing date of April 15, 2001, but the closing did not occur on that date.
Santopietro contends that Golden Shores requested an extension of the closing date in exchange for monetary compensation, a request that was denied. Conversely, Golden Shores alleges that Santopietro had found a better offer for the real property and subsequently refused to close. Santopietro executed a contract for the property with a third party and was prepared to close on May 4, 2001.
On April 25, 2001, Golden Shores filed an unsworn complaint seeking specific performance as well as the Notice of Lis Pendens. Santopietro filed an Emergency Motion to Discharge Lis Pendens, which was heard on May 4, 2001, without any witnesses or affidavits. The trial court ordered the discharge of the lis pendens.
Section 48.23(3), Florida Statutes (2000), provides that "[w]hen the initial pleading does not show that the action is founded on a duly recorded instrument or on a [mechanic's lien], the court may control and discharge the notice of lis pendens [in the same manner] as the court may grant and dissolve injunctions." Thus, we look to the law of injunctions for resolution.
A trial court's ruling on a temporary injunction comes to the appellate court with a presumption of correctness, reversible only upon a showing of a clear abuse of discretion. See First Miami Sec., Inc. v. Bell, 758 So.2d 1229, 1230 (Fla. 4th DCA 2000) and cases cited. An appellant who challenges the denial of a temporary injunction, which is essentially what occurred in this case, has a heavy burden. Id.; Benemerito & Flores, M.D.'s v. Roche, 751 So.2d 91, 93 (Fla. 4th DCA 1999).
At the hearing on the motion to dissolve, it is not the movant seeking to dissolve the injunction who has the burden, but the party seeking the injunction who has the burden of establishing a prima facie case to support the injunctive relief. See Precision Tune Auto Care, Inc. v. Radcliff, 731 So.2d 744, 746 n. 1 (Fla. 4th DCA 1999). Even if Golden Shores' complaint had been verified, it would have *646 been insufficient to establish a prima facie case. See Orkin Extermination Co., Inc. v. Tfank, 766 So.2d 318, 320 (Fla. 4th DCA 2000) ("Where, as here, there is a noticed and contested evidentiary hearing, the use of a verified complaint, standing alone, does not constitute proof sufficient for establishing the necessary elements of a temporary injunction.").
The trial court, therefore, did not abuse its discretion in discharging the lis pendens. Accordingly, the stay previously granted by this Court is lifted.
Affirmed.