823 So.2d 247 (2002)
BANYAN LAKES HOME OWNERS ASSOCIATION, INC.; Vaughn Lavigne; Norma Lavigne; James Clancy; Renee Clancy; Marilyn Cook; Michael Bianchini; Marie Bianchini; Kristine Krigbaum and Charles Briegs, Appellants,
v.
SCHOOL DISTRICT OF PALM BEACH COUNTY, FLORIDA; Village of Wellington, Florida and Palm Beach County, Florida, Appellees.
No. 4D02-1257.
District Court of Appeal of Florida, First District.
August 7, 2002.
Philip L. Valente, Jr. of Silber & Valente, West Palm Beach, for appellants.
Brian B. Joslyn and Ronald E. Crescenzo of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellee School District of Palm Beach County.
Thomas G. Pelham and John H. Holley of Thomas G. Pelham Law Offices, Tallahassee, and Christine Tatum, Wellington, for appellee Village of Wellington.
Leonard Berger, Assistant County Attorney, West Palm Beach, for appellee Palm Beach County.
PER CURIAM.
We affirm the trial court's order denying a motion for a temporary injunction filed *248 by Banyan Lakes Homeowners Association ("Banyan Lakes") and several of its members ("homeowners"). Banyan Lakes and the homeowners sought to enjoin the School District of Palm Beach County, Florida ("School District") to halt the construction of a new high school adjacent to their residential community in Wellington.
A temporary injunction is an extraordinary and drastic remedy whose purpose is to preserve the status quo pending final hearing. A temporary injunction does not decide the merits of a case because no full hearing has been conducted. A trial court's denial or granting of a temporary injunction is subject to an abuse of discretion standard of review. A trial court's ruling on a temporary injunction comes to this Court with a presumption of correctness, reversible only upon a showing of a clear abuse of discretion. Golden Shore Props. v. Santopietro, 792 So.2d 644 (Fla. 3d DCA 2001). For these reasons, a party appealing the denial of a temporary injunction carries a heavy burden to demonstrate that the trial court's ruling was clearly improper. See Knox v. Dist. Sch. Bd. of Brevard, 821 So.2d 311 (Fla. 5th DCA 2002) Rollins, Inc. v. Parker, 755 So.2d 839 (Fla. 5th DCA 2000).
In this case, Banyan Lakes and the homeowners did not meet their heavy burden to demonstrate that the trial court's ruling was clearly improper. There was no showing of a clear abuse of discretion.
AFFIRMED.
POLEN, C.J., GUNTHER and WARNER, JJ., concur.