ORFINGER, J.
Troy A. and Lora Ferris appeal the entry of a temporary injunction. We reverse the injunction because the trial court failed to make the requisite findings.
A temporary injunction is an extraordinary remedy that should be granted sparingly, and only entered if the party seeking the injunction establishes (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) consideration of the public interest. Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002). Before entering a temporary injunction, the trial court must comply with Florida Rule of Civil Procedure 1.610(c) by specifying the reasons for the entry of the injunction and describing in reasonable detail the act or acts restrained without reference to a pleading or another document. Id. The court must also set forth clear and definite factual findings in support of each of the four criteria. Milin v. Northwest Florida Land, L.C., 870 So.2d 135, 136 (Fla. 1st DCA 2003). On its face, the order being reviewed fails to meet these requirements. Accordingly, the temporary injunction is reversed and this matter is remanded for further proceedings.[1]
REVERSED and REMANDED.
THOMPSON and PALMER, JJ., concur.

. We express no opinion on the merits in the family dispute. We note, however, that no *541 transcript of the injunction hearing was provided to us. As a result, we do not inquire into the factual matters presented; instead, our inquiry is limited to the legal sufficiency of the trial court's order.