908 So.2d 492 (2005)
Michael A. DiCHRISTOPHER, Appellant,
v.
BOARD OF COUNTY COMMISSIONERS, etc., Appellee.
No. 5D05-393.
District Court of Appeal of Florida, Fifth District.
June 10, 2005.
Opinion Denying Rehearing and Granting Clarification August 12, 2005.
*493 Richard E. Torpy and G. Philip J. Zies, The Torpy Group, Melbourne, for Appellant.
Scott L. Knox, County Attorney, Office of the County Attorney, Viera, for Appellee.
SHARP, W., J.
DiChristopher appeals from a nonfinal order which denied and dismissed count one of his petition. DiChristopher sought a temporary injunction to enjoin the Board of County Commissioners of Brevard County from flooding his property as part of its mosquito control program.[1] The trial court ruled DiChristopher was not entitled to an injunction because he, through counts two and three of the petition, sought damages for inverse condemnation and devaluation of his property. We find no abuse of discretion in denying DiChristopher a temporary injunction and affirm the order below.
The Board of County Commissioners of Brevard County ("Brevard County") is the *494 governing body of the Brevard County Mosquito Control District. The District was created in 1937 under a special act that declared marshes and other areas where mosquitoes hatch to be a public nuisance and empowered the district to do anything necessary to control and eliminate mosquitoes, gnats and sand fleas.
In 1958, the District built a berm and canal system and began flooding 1200 acres to prevent the breeding of mosquitoes. The area is also subject to natural flooding.
In the late 1990s, DiChristopher acquired title to 145 acres and another 40 acre parcel within this area. DiChristopher gave the District consent to flood his property while he was attempting to sell the property to Brevard County. After negotiations broke down, DiChristopher withdrew his consent.
In June 2004, DiChristopher filed a petition for injunctive and other relief against Brevard County alleging that his property is periodically and recurrently completely submerged because of the flooding by the District. Count one of the petition sought a temporary and permanent injunction to restrain Brevard County from trespassing on his property. Count two sought damages as just compensation for the taking of the property and, in the alternative to the taking claim, count three sought damages for the devaluation of the property. DiChristopher later filed an amended petition asserting the same three counts as in his initial petition.
Brevard County moved to dismiss alleging, among other things, that the petition failed to state a cause of action or claim for injunctive relief. Brevard County argued injunctive relief was not available since an adequate remedy at law existed, as evidenced by counts two and three in which DiChristopher sought damages.
At the hearing below, Brevard County argued that DiChristopher has a remedy for damages under a theory of inverse condemnation and thus the portion of the amended petition seeking a temporary injunction should be dismissed. DiChristopher argued he was entitled to plead in the alternative and that the remedy at law was not adequate.
DiChristopher testified the District usually floods his property from May until September and the flooding causes erosion. The flooding has affected his ability to sell or develop the property. According to DiChristopher, Brevard County does not have the funds to purchase his property under eminent domain.
James Hunt, the district director for the Brevard County Mosquito Control District, acknowledged DiChristopher's property is used in the control of mosquitoes. If DiChristopher were successful in stopping the District from flooding his property, the program would no longer work. DiChristopher's property divides the area in half and the District would not be able to pump water from one side to the other.
On appeal, DiChristopher argues the trial court erred in denying and dismissing his request for temporary injunctive relief because Florida law specifically allows a plaintiff to plead in the alternative for an injunction and for damages. See Downing v. Bird, 100 So.2d 57 (Fla.1958) (on remand, plaintiff was allowed to amend her complaint to ask for compensation either solely or in the alternative to her request for injunction requiring city to remove paved road from her property). In response, Brevard County argues that under the modern law of inverse condemnation, the possibility of a successful inverse condemnation action constitutes an adequate remedy at law which precludes the pursuit of a claim for an injunction to prohibit the government's use of the property allegedly *495 taken. Brevard County also argues that DiChristopher is relying on dicta from Downing and notes the case does not even discuss the concept of an "adequate remedy at law."[2]
DiChristopher is correct that if a plaintiff is unsure of the correct legal basis for relief, he may plead in the alternative. A plaintiff may set out the facts of the occurrence or transaction and demand judgment in his favor on several bases, even mutually exclusive ones. Quality Type & Graphics v. Guetzloe, 513 So.2d 1110 (Fla. 5th DCA 1987).
However, the ability to plead alternative bases for relief does not mean that the plaintiff is entitled to a temporary injunction. A temporary injunction is properly entered only in extraordinary circumstances. Ferris v. Ferris, 895 So.2d 540 (Fla. 5th DCA 2005); City of Dania Beach v. Konschnik, 763 So.2d 555 (Fla. 4th DCA 2000). To obtain a temporary injunction, the party seeking the injunction must establish that: (1) irreparable injury will result if the injunction is not granted, (2) there is no adequate remedy at law, (3) the party has a clear legal right to the requested relief, and (4) the public interest will be served by the temporary injunction. Provident Management Corp. v. City of Treasure Island, 796 So.2d 481, 485 n. 9 (Fla.2001); Animal Rights Foundation of Florida, Inc. v. Siegel, 867 So.2d 451 (Fla. 5th DCA), rev. denied, 879 So.2d 624 (Fla.2004).
Generally a trial court's denial or granting of a temporary injunction is subject to an abuse of discretion standard of review. Banyan Lakes Home Owners Ass'n, Inc. v. School Dist. of Palm Beach County, Florida, 823 So.2d 247 (Fla. 1st DCA 2002); Knox v. District School Bd. of Brevard, 821 So.2d 311 (Fla. 5th DCA 2002). The party appealing the denial of a temporary injunction carries a heavy burden to demonstrate that the court's ruling was clearly improper. Id.
In this case, DiChristopher failed to establish that the trial court abused its discretion in dismissing and denying his request for a temporary injunction. Other jurisdictions have held temporary injunctions are not available in cases such as this because the property owner has an adequate remedy for damages through an inverse condemnation action. Oliver v. University of Mississippi, 2004 WL 1778415 (N.D.Miss. June 14, 2004) (preliminary injunctive relief to stay construction and implementation of airport expansion was inappropriate because, in the context of inverse condemnation and eminent domain matters, monetary damages are an adequate remedy); Board of County Com'rs of Reno County v. Asset Management and Marketing L.L.C., 28 Kan. App.2d 501, 18 P.3d 286 (2001) (inverse condemnation action against county was an adequate remedy at law for subdivision landowners regarding county's proposed construction of water tower in the subdivision, thus precluding injunctive relief, even though burden and expense of filing an inverse condemnation action might not make such an action the most expedient remedy); Indiana Dept. of Transp. v. Southern Bells, Inc., 723 N.E.2d 432 (Ind. Ct.App.1999) (business owners who sought preliminary injunction against Indiana Department *496 of Transportation to stop road improvements that would prevent traffic from turning onto access road to reach owners' establishments had adequate remedy at law in form of inverse condemnation action and were therefore precluded from obtaining injunctive relief); Robertson v. City of High Point, 129 N.C.App. 88, 497 S.E.2d 300., rev. denied, 348 N.C. 500, 510 S.E.2d 654 (1998) (church alleging that adjacent city-owned landfill prevented it from having full use and enjoyment of its property for outdoor worship and social events had adequate remedy at law by way of action for inverse condemnation and thus did not have right to equitable remedy of injunction, though church failed to bring inverse condemnation suit within limitations period). Even the United States Supreme Court has recognized that: "Equitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1016, 104 S.Ct. 2862, 2880, 81 L.Ed.2d 815 (1984).
Florida law is in accord with the law from these other jurisdictions. For example, in City of Dania Beach v. Konschnik, 763 So.2d 555 (Fla. 4th DCA 2000), the trial court entered a temporary injunction requiring Dania Beach to reopen an alleyway used for access to the Konschniks' business property. After Dania Beach closed the alleyway at the request of residents, the Konschniks filed a lawsuit seeking damages for inverse condemnation and an injunction against the alley closing until Dania Beach paid the Konschniks the value of the lost access in a condemnation action. After hearing evidence at a temporary injunction hearing, the trial court concluded that irreparable harm had not been shown, but that the traffic situation for the Konschniks' business would not improve unless the alleyway was opened. Based on this reasoning, the court entered a temporary injunction.
On appeal, the fourth district reversed the injunction, finding it deficient in several respects:
First, the injunction did not adequately specify reasons for its entry. (citations omitted) Second, the requirements to obtain an injunction were not met. There was no showing of irreparable harm, as even the trial court found. Moreover, from their own pleadings, [the Konschniks] alleged the existence of an adequate remedy at law. The injunction was requested only until [the Konschniks] could be compensated through condemnation for the loss of access to their property. Finally, [the Konschniks] neither alleged nor proved at the hearing that there was a likelihood of success on the merits. These deficiencies require reversal of the injunctive order. (emphasis added)
763 So.2d at 556.
In St. Lucie County v. Town of St. Lucie Village, 603 So.2d 1289 (Fla. 4th DCA), rev. denied, 613 So.2d 12 (Fla.1992), the plaintiffs (the Town of St. Lucie and various individuals) obtained an injunction against the future expansion of the county airport. On appeal, the court concluded the plaintiffs failed to establish any of the requirements for an injunction, which was entirely against considerations of the public interest. The court pointed out that Florida recognizes common law causes of action for damages which stem from airport operations and thus an injury from airport operations was not irreparable, or a harm for which there was no remedy.
Even though they were not entitled to injunctive relief, the court noted the plaintiffs were not left without a remedy:

*497 They have a "takings" claim for the diminution or destruction in value of their property caused by airport operations. See 49 U.S.C.App. § 1506 ("Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies."); Bieneman v. City of Chicago, 864 F.2d 463 (7th Cir.1988), cert. denied, 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989) ("The Federal Aviation Act does not expressly pre-empt state damages remedies."); Greater Westchester Homeowners Ass'n v. City of Los Angeles, 26 Cal.3d 86, 160 Cal.Rptr. 733, 603 P.2d 1329 (Cal.1979), cert. denied, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980) (plaintiffs' nuisance claims against airport not preempted by federal law).
Plaintiffs base their entitlement to injunctive relief on what they describe as the "difficulty, if not the impossibility" of prevailing in an inverse condemnation action. But the mere difficulty in prevailing on a certain cause of action has never been understood as the lack of an adequate legal remedy. The determination whether there is an adequate remedy at law turns on the possibility of succeeding, not on its probability. Hiles, 498 So.2d at 999 (possibility that money judgment, even if obtained, will not be collectible irrelevant to test adequacy of remedy at law).
603 So.2d at 1294.
Like the plaintiffs in City of Dania Beach and St. Lucie County, DiChristopher has potential "takings" and damage claims based on the District's flooding of his property for mosquito control. In Brevard County v. Blasky, 875 So.2d 6 (Fla. 5th DCA), rev. denied, 889 So.2d 71 (Fla. 2004), this court upheld a judgment against Brevard County and the District for inverse condemnation in a situation very similar to this case.
In the Blasky case, the landowners (the Blaskys) brought an inverse condemnation action against Brevard County and the Mosquito Control District after learning that their property was going to be used as a stormwater storage area. The trial court found in favor of the Blaskys and entered an order of taking. On appeal, this court rejected the defenses advanced by Brevard County and the District (dedication, irrevocable license to use land for mosquito control and state ownership of land) and affirmed the order of taking.
It is possible that one or more of the defenses raised by Brevard County in Blasky may be viable against DiChristopher. Nevertheless, as the court in St. Lucie County noted, the determination whether there is an adequate remedy at law turns on the possibility of succeeding, not on its probability. DiChristopher clearly has the possibility of succeeding on an inverse condemnation or damage claim and thus has an adequate remedy at law, precluding injunctive relief.
In addition, we find that another requirement-consideration of the public interest-militates against issuance of a temporary injunction in this case. Mosquitoes spread more diseases and illnesses, such as malaria, dengue, yellow fever, encephalitis and the West Nile Virus, than perhaps any other agent. Elimination of their breeding grounds is clearly needed for the health and safety of the public.
The need for mosquito control clearly outweighs DiChristopher's private interest in his property and an injunction in this situation would disserve the public interest. See Florida Land Co. v. Orange County, 418 So.2d 370 (Fla. 5th DCA 1982) (trial court did not abuse its discretion in denying developer's motion for a temporary *498 injunction to enjoin the operation of a sewage ordinance; plaintiff failed to establish that temporary injunction would serve the public interest and on the contrary, the evidence indicated that a temporary injunction would have a severe impact on county's residents); Board of County Com'rs of Reno County (fact that current water system serving subdivision was inadequate for proposed growth of subdivision and was inadequate for providing fire protection weighed in favor of constructing water tower in subdivision and supported trial court's denial of injunction to subdivision landowners).
AFFIRMED.
THOMPSON and MONACO, JJ., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
SHARP, W., J.
DiChristopher has filed a motion for rehearing or clarification, which we grant in part. The appealed order involved count I, which dealt with DiChristopher's request for both a temporary and a permanent injunction. Our opinion addressed only the dismissal of DiChristopher's request for a temporary injunction. We did not address his request for a permanent injunction because at the hearing below, counsel for Brevard County told the trial judge that the matter of a permanent injunction was "not at issue" and the order under review dismissed with prejudice "Count I of Plaintiff's Amended Petition for Temporary Injunctive Relief." (emphasis added)
Thus the record presented to us showed only that the trial court had dismissed that part of count I which had requested a temporary injunction. Nevertheless, a party seeking a permanent injunction, as well as a temporary injunction, must show there is no adequate remedy at law. Operation Rescue v. Women's Health Center, Inc., 626 So.2d 664, 670 (Fla.1993), affirmed in part, reversed in part by Madsen v. Women's Health Center, Inc., 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994). Since DiChristopher has the remedy of inverse condemnation available, he is not entitled to any kind of injunctive relief, either temporary or permanent. See, e.g. Stanberry v. Escambia County, 813 So.2d 278 (Fla. 1st DCA 2002).
Accordingly, to save judicial time and effort, we grant DiChristopher's motion to clarify that dismissal of his request for permanent injunction, if it in fact occurred, was appropriate.
Motion for Rehearing DENIED; Motion for Clarification GRANTED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] Fla. R.App. P. 9.130(a)(3)(B).
[2] We conclude Downing v. Bird, 100 So.2d 57 (Fla.1958), does not mandate relief here. In that case, the plaintiff had sued for an injunction. However, on appeal, it became it became clear she was content to have the City take her property as long as she was paid for it. The cause was remanded with directions that all parties be given the opportunity to amend their pleadings. The purpose of this directive was simply to allow the plaintiff to obtain the relief she apparently wanted, i.e., money damages.