# Third District Court of Appeal

## State of Florida

Opinion filed November 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0536
Lower Tribunal No. 18-4172
_____

**Barbara Namon, etc.,**
Appellant,

vs.

**Karen Namon Elder, et al.,**
Appellees.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Michael Van Cleve, Law, and Michael Van Cleve; Muir Law, LLC, and William Douglas Muir, for appellant.

Paul M. Cowan & Associates, P.A., and Paul M. Cowan, and Manuel A. Celaya, for appellee Karen Namon Elder; Richard Namon, Jr., in proper person.

Before FERNANDEZ, C.J., and LINDSEY, and MILLER, JJ.

MILLER, J.

In this appeal, Barbara Namon, the widow of Richard Namon (the "decedent"), challenges the denial of a motion for a temporary injunction she filed in her capacity as personal representative of her late husband's estate.[1] By means of the injunction, Barbara sought to recover a Winslow Homer painting, entitled "Portrait of Lucy Valentine," from the possession of Sotheby's. The decedent's children, Karen Namon Elder and Richard Namon, Jr., claim ownership of the painting, alleging they received it from the decedent by way of an inter vivos gift. Contending the painting is an estate asset, Barbara asserts the children's claim of ownership is barred by the two-year statute of nonclaim codified in the Florida Probate Code. Because the record before us does not extinguish the viability of the children's claim of ownership, we affirm the exercise of discretion by the trial court.

**BACKGROUND**

During his lifetime, the decedent acquired the "Portrait of Lucy Valentine," a painting attributed to Winslow Homer, one of the foremost 19th-century American painters. The painting is of considerable value, and, at the

---

[1] Appellant further appeals the denial of her petition for recovery of an estate asset. The issues raised in the petition necessitate further judicial labor, rendering the challenged order nonfinal and nonappealable. See Fla. R. App. P. 9.170.

time of the decedent's passing, was, as it had been for decades, on loan at the Portland Museum of Art in Portland, Maine.

Following the death of the decedent, Barbara filed a petition for administration. Under the terms of the decedent's last known will, which was executed shortly before his death, Barbara was to receive the entire estate, save a nominal sum which was to be divided in equal shares among the decedent's three biological children and stepdaughter. Karen contested the will, contending it was the product of undue influence and the decedent lacked testamentary capacity.[2]

While litigation was pending, one of the Namon siblings was approached by the Portland Museum of Art. Correspondence ensued, and the museum requested that all three siblings[3] authorize any removal of the painting from the museum. All acquiesced and further directed the painting be transported first to Sotheby's, an art broker, for evaluation, and then to Day & Meyer, Murray & Young Corp., a secure warehouse facility, for storage.

---

[2] Karen further alleged that her father died under suspicious circumstances, and Barbara ordered his body to be immediately cremated to impede any potential criminal investigation.

[3] The third sibling, Jay Namon, died on January 1, 2015. Prior to his death, he participated in the proceedings.

Upon learning of this series of events, Barbara alleged the painting was an estate asset and obtained a temporary injunction from the probate court directing Karen "to maintain the status quo of the painting [at Day & Meyer] in New York." Karen agreed to pay the associated costs of insurance and storage, and the trial court ordered the parties to litigate their respective claims to the painting through a separate adversarial action.

Karen's objections to the contested will were eventually overruled, but the ownership issues surrounding the "Portrait of Lucy Valentine" remained unresolved. A succession of probate judges all determined a trial would be necessary to adjudicate the fate of the painting.

While awaiting trial, Karen discovered the painting was no longer in storage at Day & Meyer and was listed for auction in a Sotheby's catalogue. She therefore filed an emergency motion seeking an injunction to prevent the sale and any further movement of the painting.[4] The trial court granted the injunction.

Barbara then filed the emergency motion for injunction at issue in these proceedings. In the motion, she alleged the painting was an estate asset

---

[4] Robert Pardo was identified as the consignor. His relationship with the painting is unclear, and he has been voluntarily dismissed from these proceedings by Barbara. The removal of the painting from storage is the subject of a separate lawsuit in New York.

and sought to relocate it to South Florida. The court denied relief and ordered the painting remain in the custody of Sotheby's. The instant appeal followed.

**STANDARD OF REVIEW**

We review the denial of a temporary injunction for an abuse of discretion. Banyan Lakes Home Owners Ass'n, Inc. v. Sch. Dist. of Palm Beach Cnty., Fla., 823 So. 2d 247, 248 (Fla. 4th DCA 2002). Because such an injunction is properly entered only under extraordinary circumstances, "[t]he party appealing the denial . . . carries a heavy burden to demonstrate that the court's ruling was clearly improper." DiChristopher v. Bd. of Cnty. Comm'rs, 908 So. 2d 492, 495 (Fla. 5th DCA 2005), decision clarified on denial of reh'g (Aug. 12, 2005).

**ANALYSIS**

It is well-settled that a party seeking a temporary injunction must demonstrate that: "(1) irreparable injury will result if the injunction is not granted, (2) there is no adequate remedy at law, (3) the party has a clear legal right to the requested relief, and (4) the public interest will be served by the temporary injunction." ASA Coll., Inc. v. Dezer Intracoastal Mall, LLC, 250 So. 3d 731, 733 (Fla. 3d DCA 2018) (footnote omitted) (quoting Bay N Gulf, Inc. v. Anchor Seafood, Inc., 971 So. 2d 842, 843 (Fla. 3d DCA 2007)).

5

While the law is clear that a substantial likelihood of success on the merits is but one consideration in determining the propriety of an injunction, here, Barbara contends the trial court was required to grant injunctive relief because the painting constitutes an estate asset, and any claim to the contrary is time-barred by section 733.710, Florida Statutes (2021). This argument implicates certain jurisdictional concerns.

Under Florida law, the timing of probate claims is governed by two separate statutory provisions. The first, codified in section 733.702, Florida Statutes, bars any claim or demand against an estate that arose before the death of the decedent which is not

> filed in the probate proceeding on or before the later of the date that is [three] months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, [thirty] days after the date of service on the creditor, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise.

§ 733.702(1), Fla. Stat.; see Fla. Prob. R. 5.490(e). Long construed as a statute of limitations, this provision applies to all claims for personal property in the possession of the personal representative. § 733.702(1), Fla. Stat. The statutory time frame is, however, subject to extension and waiver. See Fla. Prob. R. 5.042(b).

The second provision, codified in section 733.710, Florida Statutes, reads, in relevant part:

> (1) Notwithstanding any other provision of the code, [two] years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
> (2) This section shall not apply to a creditor who has filed a claim pursuant to s. 733.702 within [two] years after the person's death, and whose claim has not been paid or otherwise disposed of pursuant to s. 733.705.

§ 733.710(1)–(2), Fla. Stat. This provision has been deemed a jurisdictional statute of nonclaim, creating "an outer limit beyond which [claims] may not be instituted." Hess v. Philip Morris USA, Inc., 175 So. 3d 687, 695 (Fla. 2015) (alteration in original) (quoting Kush v. Lloyd, 616 So. 2d 415, 421 (Fla. 1992)). In this regard, the statute creates "a self-executing, absolute immunity to claims," and it is not subject to extension or waiver. May v. Ill. Nat'l Ins. Co., 771 So. 2d 1143, 1156 (Fla. 2000).

In the instant case, it is axiomatic the children asserted ownership to the painting within two years of their father's death. Barbara, however, contends they failed to formally file a claim, as required under section 733.702, Florida Statutes. The undeveloped record before us does not firmly establish the genesis of the adversarial probate proceedings, but it is readily

7

apparent that a succession of judges determined the ownership issue worthy of further litigation.

Further, the limitations contained within the Florida Probate Code pertain only to claims or demands against an estate. In this regard, the success of the motion for injunctive relief presupposes the children's claim of ownership is not viable. If the children's assertions ultimately hold true, however, the "Portrait of Lucy Valentine" was the subject of an inter vivos gift, perfected years before the decedent's death. Thus, the painting was neither an asset of the estate nor in the possession of the personal representative. Instead, it was gifted outside the estate, and the children were vested with title long before their father died. Under this scenario, Barbara is seeking to affirmatively claw back a lifetime gift and the statute of nonclaim has no application.

As did the trial judge, we conclude the competing claims are incapable of resolution at this stage in the proceedings because the conflicting testimony of record cannot be harmonized. Accordingly, in deciding ownership of the painting should only be adjudicated after all parties have been afforded due process, we conclude the trial court sagaciously declined to put "the cart before the horse." Lastly, in considering the remaining injunctive relief factors, the trial court carefully considered the evidence of

record, along with Sotheby's storage capabilities and evidence of adequate insurance, and concluded the status quo should be preserved pending a resolution of the pending claims. Under these circumstances, we decline to impute any abuse of discretion and, instead, affirm all aspects of the well-reasoned order under review.

Affirmed.