778 So.2d 1029 (2001)
Maurelle S. AIN, Appellant,
v.
Clifford B. AIN, Appellee.
No. 4D00-2886.
District Court of Appeal of Florida, Fourth District.
January 24, 2001.
Rehearing Denied March 16, 2001.
Robert J. Merlin of Merlin & Hertz, P.A., Coral Gables, for appellant.
*1030 No appearance for appellee.
KLEIN, J.
We affirm a temporary injunction prohibiting appellant and her three minor children from moving to Virginia without a prior court order. The injunction was entered based on an emergency motion filed by the appellee father, following a hearing which took place three hours after the mother's counsel received notice. The mother was unable to attend, and her counsel participated by telephone.
The mother argues that she had insufficient notice of the hearing and that the injunction was not based on competent evidence. If the mother was serious about sufficient notice, surely she would have moved to dissolve the injunction. Such a motion would have entitled her to be heard within five days. Fla.R.Civ.P. 1.610(d). Instead of seeking that relief, however, she simply filed her notice of appeal twenty days after the injunction was entered. As to the mother's claim that there was insufficient evidence, we cannot address that because the record contains no transcript of the hearing. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
The mother also argues that the injunction must be reversed because it does not contain any factual findings, citing non-family law cases, such as City of Dania Beach v. Konschnik, 763 So.2d 555 (Fla. 4th DCA 2000). We conclude that findings of fact were not required for the order entered in this case. First, the reasons why the family law judge temporarily enjoined the removal of children to another state, pending further order of court, are obvious, and findings of fact, which are normally required to facilitate appellate review, are unnecessary here. We would also note that the family law forms contained in Form 12.941, Florida Rules of Family Procedure, do not require findings of fact for temporary injunctions to prevent the removal of children.
We therefore affirm.
WARNER, C.J., and FARMER, J., concur.