NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEVIN J. MURPHY,

        Appellant,

v.

KANDE K. BLUBAUGH,

        Appellee.

Case No. 2D17-1799

Opinion filed August 1, 2018.

Appeal from the Circuit Court for
Charlotte County; Peter A. Bell, Judge.

Kevin J. Murphy, pro se.

No appearance for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

        Kevin Murphy, pro se, appeals from a permanent injunction for protection against stalking. The appellee, Kande K. Blubaugh, has neither filed an answer brief nor appeared in this appeal. Murphy, however, has failed to establish that the trial court abused its broad discretion in entering the injunction. Therefore, we must affirm.

## FACTS

In March 2017, Blubaugh petitioned for an injunction against Murphy, her next-door neighbor, for protection against stalking. Blubaugh claimed that Murphy had "threatened, harassed, stalked, cyberstalked, or physically abused" her. Specifically, she alleged that Murphy had repeatedly referred to her as a "bitch" and a "piece of shit"; that she had called the Sheriff because Murphy had yelled from his home that she was "trash" and the responding deputy had advised her to get an injunction; and that Murphy "brings his dog in front of my house & barks at my dogs."

The trial court granted Blubaugh a temporary injunction (without notice) and set the matter for hearing. Following the hearing, at which both parties appeared pro se and testified, the court entered a final judgment extending the injunction for one year. The order includes no findings other than "the Court finds, based on the specific facts of this case, that Petitioner is a victim of stalking."

## DISCUSSION

A trial court has broad discretion to grant an injunction, and we will not reverse an order granting an injunction absent a clear abuse of that discretion. See Pickett v. Copeland, 236 So. 3d 1142, 1143-44 (Fla. 1st DCA 2018). To the extent that the order is based on factual matters, this court will uphold the order if it is supported by competent, substantial evidence. See id. at 1146; Thoma v. O'Neal, 180 So. 3d 1157, 1159 (Fla. 4th DCA 2015) ("A trial court's order granting a permanent injunction is reviewed for competent substantial evidence."); cf. Selph v. Selph, 144 So. 3d 676, 677-78 (Fla. 4th DCA 2014) ("A trial court abuses its discretion by entering a domestic

violence injunction when the ruling is not supported by competent, substantial evidence").

Murphy argues that competent, substantial evidence does not, in fact, support the order granting Blubaugh an injunction, but we are unable to evaluate this argument because Murphy failed to include a transcript of the hearing in the record on appeal. Pursuant to Florida Rule of Appellate Procedure 9.200(f)(2)—which provides that "[n]o proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given"—and bearing in mind that section 784.0485(6)(f), Florida Statutes (2016), requires that all proceedings related to petitions for an injunction for protection against stalking be recorded, this court issued an order directing Murphy to supplement the record on appeal with a transcript of the hearing. Murphy, however, did not respond to this court's order.

"Without a record of the hearing, we cannot conclude that the injunction was not supported by the evidence or that the [trial] court so misconceived the law that reversal is required." Stevens v. Bryan, 805 So. 2d 881, 881 (Fla. 2d DCA 2001); see also Ricketts v. Ricketts, 790 So. 2d 1265, 1265 (Fla. 5th DCA 2001) ("The record on appeal contains no transcript of the hearing held on the permanent injunction. Without a transcript of the hearing, this court cannot assess whether error was committed by the trial court." (citing Ain v. Ain, 778 So. 2d 1029 (Fla. 4th DCA 2001))). Accordingly, we are compelled to affirm.

Affirmed.

KHOUZAM and MORRIS, JJ., Concur.