DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADEM ALBRA,**
Appellant,

v.

**LESLIE JOSEPH SZENDY,**
Appellee.

No. 4D19-2019

[July 22, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael G. Kaplan, Judge; L.T. Case No. DVCE-19-003942.

Adem Albra, Fort Lauderdale, pro se.

No appearance for appellee.

PER CURIAM.

We affirm the final judgment of injunction against domestic violence. Appellant has failed to provide a transcript of the final hearing, without which we cannot determine whether the trial court erred or that no competent substantial evidence supports the final judgment. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979); *Murphy v. Blubaugh*, 252 So. 3d 809 (Fla. 2d DCA 2018). As to the issues involving the temporary injunction, those issues have been made moot by the entry of the permanent injunction. *See Gray v. Gray*, 958 So. 2d 955 (Fla. 1st DCA 2007). Finally, appellant has failed to show error in the denial of his motion for disqualification of the judge, as the motion is based upon adverse rulings by the trial court. As we said in *Santisteban v. State*, 72 So. 3d 187, 194 (Fla. 4th DCA 2011):

> The facts and reasons given for the disqualification must tend to show *personal* bias or prejudice. *Levine v. State*, 650 So. 2d 666, 667 (Fla. 4th DCA 1995). The fact that the judge has made adverse rulings against the defendant in the past is not an adequate ground for recusal, nor is the mere fact that the

judge has previously heard the evidence.  *Mansfield v. State,* 911 So. 2d 1160, 1171 (Fla. 2005).

*Affirmed.*

WARNER, KLINGENSMITH and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***