# Third District Court of Appeal
## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1696
Lower Tribunal No. 24-6175-CA-01
_____


**Aimee Hefley,**
Appellant,

vs.

**Lisa Colombo,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Hefley Law, and William Hefley (West Palm Beach), for appellant.

Lisa Colombo, in proper person.


Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

This case arises from a partition action involving real property jointly inherited by two sisters, Aimee Hefley ("Hefley") and Lisa Colombo ("Colombo"), each owning an undivided 50% interest in the subject property.

Hefley, an attorney and member of the Florida Bar, was represented in the trial court by her husband, William Hefley ("William"), also an attorney and member of the Florida Bar. Hefley appeals the trial court's non-final order that (1) granted Colombo's motion to prohibit the parties from renting, and advertising for rent, the jointly inherited property while the partition action is pending, and prohibited the parties from entering into any contract or engaging a broker without first obtaining court approval; and (2) prohibited Hefley's husband, William, from further representation of her, and also prohibited Hefley from self-representation.

We find no legal error and no abuse of discretion[1] in that aspect of the trial court's order which prohibited the parties from renting, and advertising for rent, the jointly inherited property while the partition action is pending, and

---

[1] To the extent the order imposes a temporary injunction, this court reviews it for an abuse of discretion; we review any legal principles involved, de novo. City of Miami Beach v. Kuoni Destination Mgmt., Inc., 81 So. 3d 530, 532 (Fla. 3d DCA 2012) ("The standard of review on an order granting a temporary injunction is abuse of discretion. If a legal principle is involved, the standard of review is de novo.") (internal citation omitted).

prohibited entering into any contract or engaging a broker without first obtaining court approval.[2]

However, upon our de novo review,[3] we reverse that portion of the order prohibiting Hefley's husband, William, from further representation of her, and prohibiting Hefley from self-representation. Hefley contends, and we agree, that the trial court violated her due process rights when it sua sponte prohibited William from further representing her and precluded Hefley from representing herself. Colombo's motion did not request such relief, nor was it included in the scope of the notice setting the motion for hearing.

---

[2] There is no transcript of the hearing, and we do not know whether an evidentiary hearing was held and what, if any, evidence was presented. Levy v. Levy, 321 So. 3d 375 (Fla. 3d DCA 2021) (citing NRD Invs., Inc. v. Velazquez, 976 So. 2d 1 (Fla. 3d DCA 2007)) (affirming trial court's entry of temporary injunction and holding that, because appellant never objected to the non-evidentiary nature of the hearings held in the trial court, appellant waived the issue for appeal); see also Ain v. Ain, 778 So. 2d 1029, 1030 (Fla. 4th DCA 2001) (affirming emergency temporary injunction where the mother never filed a motion to dissolve and rejecting claim of insufficient evidence, under Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979) because there was no transcript of the hearing).

[3] Whether a trial court's order complied with due process by providing adequate notice and opportunity to be heard is an issue we review de novo. VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., LLC, 68 So. 3d 997, 999 (Fla. 4th DCA 2011); Ackerman v. HMC Assets, LLC, 338 So. 3d 295, 296 (Fla. 4th DCA 2022).

3

While it's true that "[o]n a ***proper*** showing, an attorney may be barred from self-representation," Yeyille v. Speigel, 373 So. 3d 1238, 1241 (Fla. 3d DCA 2023) (emphasis added), no such record showing exists here. A trial court's broad authority to impose sanctions on counsel or on a litigant must comport with elementary notions of due process—notice and a meaningful opportunity to be heard.

A trial court violates a party's due process rights when it imposes sanctions, sua sponte, without a pending motion directed to the right being restricted, proper notice, and an opportunity to be heard. See Harris v. Gattie, 263 So. 3d 829, 831-32 (Fla. 2d DCA 2019) (noting that "[c]ourts may, upon a demonstration of egregious abuse of judicial process, restrict parties from filing pro se pleadings with the court" but further holding that, in order "to balance the pro se litigant's right of access against the need of the courts to prevent abusive filings, the court must provide the pro se litigant with notice and an opportunity to be heard before such a sanction may be imposed. And this due process requirement applies to litigants involved in civil proceedings as well as criminal ones.") (citing Spencer v. State, 751 So. 2d 47, 48 (Fla. 1999)); Rufin, P.A. v. Borga, 294 So. 3d 916 (Fla. 4th DCA 2020) (reversing sanction where trial court failed to give notice that attorney would be personally subjected to sanctions); see also Johnson v. Cherry, 422 F.3d

4

540, 549 (7th Cir. 2005) (finding sua sponte sanctions imposed without adequate notice to the sanctioned party to be "an abuse of the court's sanctions power"); see also Brickell Station Towers, Inc., v. JDC (Am.) Corp., 549 So. 2d 203, 203 (Fla. 3d DCA 1989) (holding that, in granting the mother "relief which was neither requested by appropriate pleadings, nor tried by consent, the trial court entered the order in violation of [the father's] due process rights."); Carroll & Assocs., P.A. v. Galindo, 864 So. 2d 24, 29 (Fla. 3d DCA 2003) ("To allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights.").

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.[4]

---

[4] We do not address the merits of the trial court's order prohibiting William from further representation of Hefley and precluding Hefley from representing herself. On remand, the trial court may, if appropriate, consider the question of sanctions including such a prohibition, consistent with this opinion and corresponding principles of due process.